BALTIMORE AND HARFORD TURNPIKE COMPANY *vs.*
FRANK BATEMAN.

*Turnpike—Defect in Road—Liability for Injury—Shying*
*of Teams—Instructions.*

If the track of a road is not made wide enough to allow for the possible shying and starting of teams, without danger to those travelling with them of being thrown over embankments or against obstacles in or along the road, and a horse, in starting or running away, without fault of the driver, is brought in contact with a de-

fect within what should be the reasonable limits of the road, and damage ensues, the managers of the road will be liable.

In an action against a turnpike company to recover for an injury claimed to have been caused by the defective and insecure condition of its road, it is error, in instructing the jury, to base the defendant's liability upon its having " negligently permitted a part of its road, one of its bridges, and the approach thereto to be in an unsafe condition for persons using the same with ordinary care and caution," as the defective condition and want of repair of the bridge had no causal connection with the injury which was sustained by the plaintiff before he reached the bridge.

In an action against a turnpike company to recover damages for a personal injury alleged to have been caused by a defect in its road, an instruction to the jury that the plaintiff could not recover unless they should find that the defect in the road was of such a nature that a criminal indictment would lie against the defendant for such defect, is properly rejected.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

*Exception.* — The plaintiff submitted the following prayers:

1. If the jury shall find that the defendant corporation owned and kept open for public travel the turnpike spoken of in evidence, then it was required to make and keep its said road, its bridges thereon, and the approaches to such bridges, in such a manner and so guarded as to make them safe for persons travelling over the same with ordinary care and caution; and if they shall further find that the defendant negligently permitted a part of its road, one of its bridges, and the approach thereto, to be in an unsafe condition for persons using the same with ordinary care and caution, and that in consequence of such unsafe condition, the plaintiff, while travelling over said road and approaching said bridge with ordinary care and caution, was injured as complained of, then the plaintiff is entitled

to recover in this action; even though the jury may find the plaintiff's horse ran away with him as described by himself and other witnesses; unless they shall further find that said horse was an unfit horse to be driven over such public highways, and the plaintiff knew or ought to have known such fact; or unless they shall find the said horse was not being driven at the time with proper care and skill, or that he ran away through some negligence of the plaintiff.

2. If the jury find from the evidence that the road mentioned in plaintiff's declaration was a turnpike road belonging to and owned by defendant, as in said declaration mentioned, and that said road and the bridge on the said road at the place of the alleged accident in Harford County, was in a bad condition and out of repair and not mended, thereby rendering it perilous and unsafe for travel, and that in consequence of such condition of said road and bridge, the plaintiff was injured whilst travelling with proper care and caution on said road, then the plaintiff is entitled to recover in this action.

3. That the care and caution required of one travelling on a turnpike road, as stated in the plaintiff's first prayer, is simply such as persons of common prudence ordinarily exercise under similar circumstances.

The defendant submitted the following instructions:

1. If the jury shall find that at the place of the happening of the accident in question, the road-bed of the bridge was fully twenty feet in width and free from obstacle, and that the roadway at and leading thereto, was also of said width, and in like manner also free from obstruction, then the plaintiff is not entitled to recover.

2. If the jury find as in the aforegoing prayer, and that at the time of the happening of said accident, the said plaintiff had lost control of his horse by reason of his running away, and also by reason of the fifth wheel of his wagon becoming locked, or from any other reason had lost

such control, so as to prevent or interfere with the proper management of said wagon and horse, then the plaintiff cannot recover.

3. That the. plaintiff is not entitled. to recover in this case, unless the jury shall find that the defendant's road, when the accident occurred, was unsafe for travel, and even if the jury shall be of opinion that the road was not. safe, or not so safe as it might have been, yet if they shall find that any defect in the plaintiff's wagon helped to produce the accident or that the plaintiff's horse in descending the hill to the culvert ran away and got entirely beyond plaintiff's control, and drew the wagon out of the macadamized portion of the road and into the ditch upon the left side, then the plaintiff is not entitled to recover—unless the jury shall be satisfied that any want of safety in the road, if they find such was owing to the absence of sufficient guards upon and at the approach to the culvert,. and that if such guard had been placed at the approach to the culvert the accident could not have occurred.

4. That under the terms of its charter the defendant is not bound to construct a road of more than twenty feet in width; and if the jury shall find that the road and bridge at the point complained of, were constructed in accordance with the requirements of the defendant's charter, and that the said road and bridge were otherwise in reasonable condition and repair for public travel, and there was no want of ordinary care and diligence on defendant's part in its construction or repair at the time of the accident complained of, then the plaintiff cannot recover.

5. That there is no sufficient evidence in this case of negligence on the part of the defendant as will entitle the plaintiff to recover.

6. That there is evidence in this case of contributory negligence which directly tended to produce the accident on the part of the plaintiff, and consequently he cannot recover.

Baltimore & Harford Turnpike Co. *vs.* Bateman.

7. That the plaintiff cannot recover unless the jury shall find that the defect complained of is of such a nature that a criminal indictment would lie against the defendant for the supposed defect, if they find such.

8. That the plaintiff cannot recover in this case if the jury believe from the evidence that any want of ordinary care on his part contributed to produce the injury complained of.

9. That there is no proof in this case upon which the jury can award any damages for any services rendered to plaintiff by the members of his family during the time he was confined to his bed or to the house.

The Court (FOWLER, J.,) granted the plaintiff's first and third prayers, and the defendant's fourth, eighth and ninth prayers, and refused the plaintiff's second prayer, and the first, second, third, fifth, sixth and seventh prayers of the defendant. The defendant excepted. The jury gave a verdict for the plaintiff for $3,000 damages, and judgment was entered thereon. The defendant appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*Robert R. Boarman*, and *Geo. Hawkins Williams*, for the appellant.

The defendant is no insurer against accidents to persons travelling along its highway. It is only required to exercise reasonable care and skill in maintaining its road so as to be travelled over with safety by those who are careful themselves, and who use ordinary care and prudence.

The only provisions in the charter bearing on this point are contained in section 7, Act of 1815, ch. 48, and sec. 13, of Act of 1812, chapter 78, the provisions of the latter Act being made applicable by the Act of 1818, ch. 50. *Moore vs. Abbott*, 32 *Maine*, 46; *Moulton vs. Sanford*, 51 *Maine*, 127; *Davis vs. Dudley*, 4 *Allen*, 557.

In this case the proximate cause of the accident was the horse running away with blind violence. The defendant cannot be held liable for the result ; certainly not, unless it can be shown to have directly occasioned the runaway. But the proof is uncontradicted that the defendant did not cause the horse to start. The horse started with a plunge and was running before he came to the beech tree stump. He could not have struck the stump without going outside the limits of the appellant's road.

The " broken fifth wheel" 'which prevented the plaintiff from guiding the wagon, directly contributed to the accident; the defendant was in no wise responsible for the condition of the wagon ; that alone entitled the defendant to the granting of its sixth prayer ; and at least, if the facts were submitted to be found by the jury as stated in defendant's second prayer, coupled with the first, then the instruction there asked should have been granted by the Court. *Kidder vs. Dunstable,* 7 *Gray,* 103 ; *Titus vs. Northbridge,* 97 *Mass.,* 258 ; *Fogg vs. Nahant,* 98 *Mass.,* 578 ; *Wharton on Negligence, sec.* 104.

The accident in this case may be said to come within the class of "extraordinary." It was outside and beyond the ordinary liability for which defendant can be held responsible. *Bishop vs. Schuylkill,* 7 *Cent. Rep.,* 160 ; *Hubbell vs. City of Yonkers,* 6 *Cent. Rep.,* 499, (104 *N. Y.,* 434;) *Kennedy vs. Mayor, &c. of New York,* 73 *N. Y.,* 368 ; *Moss vs. Burlington,* 70 *Iowa,* 438.

In an action for negligence the burden of proof is upon the plaintiff to show that the injury complained of was caused by the defendant, not in part, but *solely ;* and so the Courts hold that the person injured must not by his own negligence have contributed to the injury. *Archer vs. N. Y. N. H. & H. R. R. Co.,* 106 *N. Y.,* 589 ; *Moore vs. Abbott,* 32 *Maine,* 59, *et seq.; Baltimore and Yorktown Turnpike Road vs. Leonhardt,* 66 *Md.,* 74.

Any failure to exercise reasonable precaution is contributory negligence. *Phil. Wilm. & Balto. R. R. Co. vs. State*, 66 *Md.*, 510.

The general principle is that where both parties by their negligence directly contribute to the production of the accident, neither has the right to recover of the other for injuries sustained thereby. *Maryland Central Railroad Co. vs. Neubeur*, 62 *Md.*, 398.

Notwithstanding the most culpable negligence on the part of the defendant, if the evidence clearly demonstrates that the infliction of the injury complained of, would have been impossible had the injured party observed due care and caution, the plaintiff is not entitled to recover. *Pennsylvania Railroad Co. vs. State*, 61 *Md.*, 121.

If the plaintiff has been guilty of any negligence or want of ordinary care that has *directly* contributed to cause the accident, he can have no cause of action against the defendant for the injury received, though the latter may likewise have been guilty of negligence, unless the defendant could, in the result, by the exercise of reasonable care, in view of the circumstances, have avoided the accident. *Kean vs. Balto. & Ohio Railroad Co.*, 61 *Md.*, 167.

The *onus* is on the defendant to show contributory negligence, but if the plaintiff's case as made out, discloses it, then there is nothing to go to the jury, and the verdict must be for the defendant. *State, use of Bacon vs. Balto. & Potomac Railroad*, 58 *Md.*, 485.

And where there is a legal insufficiency of evidence, it is the duty of the Court to direct a verdict for the defendant. *State, use of Hamelin, et al. vs. Malster & Reaney*, 57 *Md.*, 310, 314.

*George Y. Maynadier*, for the appellee.

The appellant having elected to except to the granting of the plaintiff's first prayer upon a special ground only, to wit: "That there is no evidence legally sufficient to

show that the plaintiff used ordinary and reasonable care on the occasion of the accident," all objection to it as asserting correct legal propositions, is waived and all inquiry as to the correctness of the instruction thereby given must be confined to the evidence upon which it is based. *Balto. & Ohio R. R. Co. vs. Mali*, 66 *Md.*, 56.

All the circumstances of the accident were given to the jury by eye-witnesses, and there was no feature of the case showing such contributory negligence on the part of the plaintiff, warranting the Court in taking the case from the jury, or to pass upon the sufficiency of the evidence. *State, use of Bacon vs. Balto. & Potomac R. R.*, 58 *Md.*, 482; *County Comm'rs of Prince Georye's County vs. Burgess*, 61 *Md.*, 32; *Baltimore and Yorktown Turnpike Road vs. Crowther*, 63 *Md.*, 563.

Supposing the legal proposition in the first instruction to be open to inquiry and the right to except in this Court not waived by the special exception taken, it is fully supported by all the generally accepted authorities. *Hamilton's Case*, 60 *Md.*, 341; *Crowther's Case*, 63 *Md.*, 563; *Burgess' Case*, 61 *Md.*, 32; *Davis vs. Lamoile Co. Plank Road Co.*, 27 *Vt.*, 602; *Palmer vs. Andover*, 2 *Cush.*, 600; *Stark vs. Lancaster*, 57 *N. H.*, 88.

The defendant's first prayer was erroneous in that it sought to ignore the whole question of negligence in leaving a dangerously located stump in its road-bed, or in immediate proximity thereto, the effect thereof upon the accident complained of, in leaving a dangerous ditch unguarded by the side of its road and an unprotected bridge in a position where unusual care was required to guard against accidents. It sought to shield itself by this prayer from all responsibility to the travelling public for the acts of negligence shown in the evidence, provided it lived up to its charter obligation to maintain a road-bed twenty feet wide free from obstruction. Such a restricted liability does not measure up to that required by the public, or to that

required by the law as contained in our cases. *Baltimore & Liberty Turnpike Co. vs. Cassell*, 66 *Md.*, 429 ; *County Comm'rs of Harford County vs. Hamilton*, 60 *Md.*, 341 ; *County Comm'rs of Baltimore County vs. Baker*, 44 *Md.*, 9.

ALVEY, J. C., delivered the opinion of the Court.

This action was instituted to recover of the defendant for an injury sustained by the plaintiff while travelling on the turnpike road of the defendant from his home in Harford County to the City of Baltimore ; the injury being caused, as it is alleged, in consequence of the defective and insecure condition of the road.

The accident occurred in the forenoon of the 19th of April, 1885. The plaintiff was travelling in a one horse wagon ; the horse was owned by the plaintiff, but he had borrowed the wagon of a neighbor. While proceeding on his way he came to the top of a hill, and in descending the grade of which to a bridge or culvert across the road, the horse ran away and became quite unmanageable by the plaintiff ; and as he approached the bridge the horse left the road and turned the vehicle over into the side ditch, and the plaintiff was thrown out and quite seriously injured.

At the trial below, among other prayers offered by the defendant for instruction to the jury, was one to the effect that there was no evidence legally sufficient upon which the plaintiff could recover. That prayer was rejected ; and, upon careful examination of all the evidence contained in the record, this Court is of opinion that there was no error committed in the refusal to grant that prayer.

The defendant was incorporated by the Act of the General Assembly passed on the 3d of January, 1816 ; and its turnpike road was constructed under the provisions of that Act, and the supplemental Act passed on the 19th of January, 1819. By its charter the defendant was authorized to open and make a turnpike road between the points

designated, "not exceeding sixty feet in width, of which twenty feet *at least shall be* an artificial road, composed of stone, gravel, etc., and erect and keep up bridges over the streams crossing the same." The road was made and has been in use for more than half a century. It appears by the proof, offered both by the plaintiff and defendant, that the road has several curves from the top of the hill to the bridge, at which the accident occurred; and, in the language of the witnesses, it has "some steep grades and sharp descents;" but that the descending grade terminates from fifty to one hundred yards before the bridge is reached. It is also shown that the macadamised part of the road varies in width from twenty-five feet at the top of the hill to about sixteen or seventeen feet at the bridge; and that the bridge, as it existed at the time of the accident, was about eighteen feet wide in the clear. The road-bed, at its immediate approach to the bridge, was four or five feet above the side ditch into which the plaintiff was thrown, and there was no guard rail along the side of the road as it approached the bridge. The horse and wagon did not get upon the bridge, but got over the side of the road into the ditch just at the end of the bridge. And the whole question is, whether the narrowness of the road-bed and the failure of the defendant to keep and maintain a sufficient guard rail, on the side of the road as it approached the bridge, constituted such defect and want of safety in the road as to render the defendant liable, if but for the want of width of the road and proper guard rail the accident to the plaintiff would not have occurred.

The accident as proved must be connected with the alleged defect in the road as the cause of the injury. If the road in its approach to the bridge was wide enough for the customary travel with safety, those travelling using ordinary care to avoid accidents, and the injury to the plaintiff was occasioned by the want of care or skill in

driving the horse, or by the vicious and uncontrollable disposition of the horse, not excited by any defect in or unlawful object upon the road, then, unquestionably, the plaintiff would not be entitled to recover. But, on the other hand, if the road was so narrow at the place of the accident as to render it in any degree dangerous or unsafe to persons driving horses of ordinary safe habit, but which might be liable to shy from the road track, or to take fright and to plunge into the side ditch below, then it was the duty of the defendant to keep up at least a sufficient guard rail or barrier, to prevent such accidents. And if the accident to the plaintiff was caused, not by his own want of ordinary care, but by reason of the existence of such defect in the road, and the want of proper guard to avoid accidents, the defendant, clearly, would be liable for any injury sustained. All horses are prone, more or less, to shy or to take fright. Indeed it is part of their natural and probable habit; and they are not condemned as being unfit for road service, because they are liable to such habit. Roads are constructed with reference to this generally known or probable habit of horses ; and hence to make a road safe, the track must be wide enough to allow for the possible shying and starting of teams, without danger to those travelling with them of being thrown over embankments or against obstacles in or along the road. And therefore, if the track is not wide enough for this purpose, and a horse, in starting or running away, without fault of the driver, is brought in contact with a defect within what should be the reasonable limits of the road, and damage ensues, the managers of the road will be liable. *Whart. Neg.*, secs. 104, 105, 985. There has been some diversity in the opinions of Judges upon this subject; but the principle maintained by a preponderance of decision would seem clearly to be in accordance with that which we have stated.

The principle embodied in the first prayer offered by the plaintiff, and which was granted by the Court below, is

correct, according to the view entertained by this Court, and that prayer fairly embraces the law of the case; but its terms are not all free from objection, and it was for that reason calculated to mislead the jury. It should therefore have been either modified or rejected. By granting this prayer the jury were instructed, that the defendant was required to make and keep its road, its bridges thereon, and the approaches to such bridges, in such a manner and so guarded as to make 'them safe for persons travelling over the same with ordinary care and caution; and if they should find "that the defendant negligently permitted a part of its road, *one of its bridges*, and the approach thereto, to be in an unsafe condition for persons using the same 'with ordinary care and caution, *and that in consequence of such unsafe condition*, the plaintiff, while travelling over said road and approaching said bridge with ordinary care and caution, was injured as complained of, then the plaintiff is entitled to recover in this action," &c. There was considerable testimony given to show the condition of the bridge; that it was out of repair, and was unsafe. But the defective condition and want of repair of the bridge had no causal connection with the accident; for the plaintiff's horse and wagon, according to all the testimony, his own included, did not get upon the bridge, but they left the track of the road, and got into the side ditch, at the end of the bridge. The bridge, according to the evidence, and to actual measurement, was wider than the bed of the road as the latter approached the bridge. According to the terms of the instruction, the jury might have inferred that the defective condition of the bridge formed an element and was ground for holding the defendant liable for the injury to the plaintiff. The instruction should have been more explicit in confining the attention of the jury to the supposed defect in the road that occasioned the accident.

There does not appear to have been error in any of the other rulings of the Court. The first, second and third prayers of the defendant were properly rejected, as being inconsistent with the principle embodied in the first prayer of the plaintiff, which was adopted by the Court. The defendant's fourth, eighth and ninth prayers, which were granted, would seem to have been as liberal to the defendant as it could in reason ask. The seventh prayer of the defendant asked the Court to instruct the jury, that the plaintiff could not recover unless they should find that the defect in the road was of such a nature that a criminal indictment would lie against the defendant for such defect. It is enough to say of such prayer that it was properly rejected, if for no other reason, that it required the jury to determine, as matter of law, when and for what defect an indictment would lie. But we know of no such criterion for determining the private civil rights of a party to recover for an injury suffered, as that propounded by this prayer. We shall reverse the judgment for the error pointed out in the first prayer of the plaintiff, and award a new trial.

*Judgment reversed, and
new trial awarded.*

(Decided 14th March, 1888.)