J. SWING WILLIS ET AL. *v.* COUNTY
COMMISSIONERS OF BALTIMORE COUNTY
[No. 5, October Term, 1937.]

*Decided October 28th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Charles H. Doing,* with whom was *Hugh B. Truitt* on the brief, for the appellants.

*James P. Kelley* and *Charles J. Hessian,* for the appellees.

SLOAN, J., delivered the opinion of the Court.

J. Swing Willis, John W. Willett, and Charles H. Doing, residents and taxpayers of Baltimore County, filed a petition for a writ of mandamus in the Circuit Court for Baltimore County, to compel W. Howard Milling, Robert C. Clark, and H. Street Baldwin, constituting the Board of County Commissioners of Baltimore County, to "repair and maintain," to render "safe for public travel * * * of sufficient width," and "to protect * * * where necessary with barriers, guard rails or other bar-

riers" a county road in the Thirteenth Election District, running in a southerly direction from Rolling Road, alongside the Baltimore & Ohio Railroad, to Viaduct Avenue at Relay, "authorized and directed by chapter 418 of the Acts of * * * 1916."

The defendants filed a combined answer and demurrer, the chief grounds of demurrer being that the act, the enforcement of which was sought, vested the widening of the road in the discretion of the county commissioners, that the act is unconstitutional, and that the petitioners have not shown a clear legal right in themselves and a corresponding duty on the part of the defendants.

The demurrer only was argued, and, from an order sustaining it and dismissing the petition, the petitioners appealed.

The trial court, in ruling on the demurrer, held that the provision for widening the road to thirty feet or more rested in the discretion of the county commissioners, and its maintenance to be subject to the same exercise of judgment as other county roads in accordance with the local laws of Baltimore County. The defendants confined their brief and argument to the points on which the decision was based; the petitioners to all the grounds of demurrer.

The Act of 1916, chapter 418, the enforcement of which is here sought, provides that the road described "is hereby made and declared to be a public highway and county road, and as such shall hereafter be maintained by the Highways Commission of Baltimore County and their successors (County Commissioners) who are hereby authorized to ascertain and define the present width of said road, and to widen the same to thirty feet or more in their discretion, by purchase or condemnation of the abutting property."

The constitutional objection, with which we do not agree, is that the Act of 1916, chapter 418, was passed in violation of section 33 of article 3 of the Constitution, which prohibits the General Assembly from passing a "special law for any case for which provision has been

made by an existing general law." The county commissioners were and are authorized by Pub. Loc. Laws, art. 3, sec. 596, to adopt as county roads any road which shall have been in use by the public for twenty years, "provided, said road shall not be less than thirty feet in width." If the road had been acquired by condemnation it would have required a minimum width of thirty feet. Pub. Loc. Laws, art. 3, sec. 639. It evidently was because of these statutory requirements that the Legislature did, with respect to the road here involved, what the county commissioners could not or would not do. A similar act was passed at the same session (Acts 1916, ch. 527, Pub. Loc. Laws, art. 3, sec. 623) for another road in the same election district. The Act of 1916, chapter 418, is not invalid, and for the reason assigned in *Pumphrey v. Baltimore,* 47 Md. 145, *Police Pension Cases,* 131 Md. 315, 321, 101 A. 786, and that is, that the road at Relay not being thirty feet in width, the county commissioners had no authority, under Pub. Loc. Laws, art. 3, sec. 596, to adopt it as a county road.

The one reason pressed by the defendants, appellees, before the trial judge, and in this court, against the petition, was that the Act of 1916, chapter 418, made it discretionary with the county commissioners, whether they should widen the road forced on them by the Legislature "to thirty feet or more * * * by purchase or condemnation of the abutting property." The board of county commissioners is an administrative body, amongst other duties charged with the maintenance of the county roads of Baltimore County. It has been repeatedly decided by this and other courts that it is the duty of county commissioners, having charge of county roads, to maintain them in such condition as to have them reasonably safe for travel and use, and this duty is imposed on the defendants by Pub. Loc. Laws, art. 3. secs. 573, 648. For their failure to do their duty with respect to the care and maintenance of county roads they may be compelled to answer in damages to those who may be injured by their failure or neglect, and this rule applies

to the road here involved as well as to the roads of standard width. The petitioners have cited and quoted several decisions of this court which have so stated this rule in support of their petition for mandamus, namely, *Baltimore & Harford Turnpike Co. v. Bateman*, 68 Md. 389, 13 A. 54; *Roth v. Highways Commission of Baltimore*, 115 Md. 469, 80 A. 1031; *Richardson v. Kent County*, 120 Md. 153, 87 A. 747; *Baltimore v. State, use of Cirtout*, 146 Md. 440, 126 A. 130; and *Anne Arundel County v. Vanskiver*, 166 Md. 481, 171 A. 705, but they were all negligence cases and have no application in this case. The only case of mandamus which they cite in support of their contention is *Pumphrey v. Baltimore*, 47 Md. 145. In that case, the act, the enforcement of which was demanded, provided, "that the Mayor and City Council of Baltimore be and they are hereby authorized, directed and required," to take charge and possession of Harmon's Bridge over Gwynn's Falls. Act of 1876, ch. 220, sec. 7. This court held the language of the act was mandatory and left no discretion in the city authorities. In this case the Act of 1916, ch. 418, says the road at Relay "shall hereafter be maintained by the Highways Commission of Baltimore County and their successors, [County Commissioners] who are hereby authorized to ascertain and define the present width of said road, and to widen the same to thirty feet or more in their discretion, by purchase or condemnation of the abutting property." Vastly different from the mandatory requirements of the Gwynn's Fall Bridge Act, *supra*. With respect to this act, and the petition of the appellants, what was said in *State ex rel. B., C. & P. B. Railway Co. v. Latrobe*, 81 Md. 222, 233, 31 A. 788, 789, applies: "The law is definitely settled both here and elsewhere that whenever the performance of a duty is dependent upon the exercise of judgment and discretion on the part of the person to whom the performance of that duty is assigned, that judgment and that discretion will never be interfered with, fettered, or controlled by the writ of mandamus. The reason for this is apparent, and it is that there is

no warrant of law justifying the substitution of the judgment of the court in the place of. the discretion and judgment of the individual exclusively entrusted with the performance of the particular duty." *Red Star Line v. Baughman,* 153 Md. 607, 610, 139 A. 291; *Strott v. Broening,* 160 Md. 560, 569, 154 A. 45; *Blundon v. Crosier,* 93 Md. 355, 49 A. 1; 38 *C. J.* 750, sec. 369. For this court to yield to the prayer of the petition would be to substitute its judgment and exercise of discretion for that of the County Commissioners, the agency charged with the improvement, care, supervision, and repair of roads, and the levy of taxes therefor, administrative and not judicial functions. *Schriver v. Cumberland,* 169 Md. 286, 181 A. 443.

We do not pass upon the question of the right of the petitioners to file a petition for mandamus as taxpayers, first, for. the reason that it was not argued, on appeal, nor, so far as we can observe, before the trial judge; second, because the authority and duty of the County Commissioners, with respect to the road with which we are here concerned, should be declared and decided because of the public interest involved.

We agree with the trial court that the demurrer to the petition be sustained.

*Order affirmed, with costs.*