(Decided 14th May, 1874.)

JOHN M. JOHNSTON *vs.* HENRIETTA R. GLENN and others.

*Insufficiency of the Allegations in a Bill to warrant an Injunction—A full disclosure of material facts required to justify an Injunction.*

A bill of complaint charged that the complainant was in the lawful possession of certain premises under a lease from one of the defendants; that the complainant was a restaurant keeper, and had expended large sums of money in improving the demised premises for the prosecution of his business, and had set up expensive fixtures which were adapted to the premises, and would become worthless if removed; that by his exertions and expenditures he had given his stand popularity and reputation, and had attracted a large trade which was yielding him a lucrative compensation; that he had laid in a large stock of liquors, cigars, &c. suitable to his business, and the locality, from which he would receive large profits; that the defendants were about shortly to demolish, and tear down to the ground the building of which the demised premises were a part, and had already begun the work of demolition; that such demolition of the building would work irreparable injury to the complainant, by the destruction of his business, by rendering his expenditures useless, and by depriving him of his benefits, profits, &c. The bill thereupon prayed for an injunction. The injunction was refused, it not sufficiently appearing from the allegations of the bill that the

Johnston *vs.* Glenn, *et al.*

complainant had performed all his obligations under the lease; the averment that he was in possession of the premises under the lease, and had quiet, peaceable possession and occupation of the same, without the further averment that he had performed all the covenants and conditions of the lease incumbent on him, was insufficient.

To warrant the Court in issuing an injunction, there must be a full and candid disclosure of all the facts, within the knowledge of the complainant, on which his equity rests—there must be no concealment; all the *res gestæ*, must be represented as they actually are.

Appeal from the Circuit Court of Baltimore City.

The bill of complaint in this case, filed on the 1st of May, 1874, charged, substantially, that the complainant was in possession of certain rooms and parts of the building, on the southwest corner of Calvert street and Bank Lane, in the City of Baltimore, under a lease from Mrs. Henrietta R. Glenn, dated 10th May, 1873, demising the said premises to him for the term of two years from 1st of June, 1873, at the yearly rent of $2,500, and up to the time of filing the bill he had held the said premises in quiet, peaceable possession. The bill also charged that the complainant was a restaurant-keeper, and had expended large sums of money in improving the demised premises for the prosecution of his business, and had set up expensive fixtures which were adapted to the premises and would become worthless, if removed; that by his exertions and expenditures he had given his stand popularity and reputation, and had attracted a large trade, which was then yielding him a large and lucrative compensation; that he had laid in a large stock "of liquors, cigars and other choice and valuable commodities," suitable to his business and locality, from which he would receive large profits; that Mrs. Glenn, William W. Glenn and John Glenn were about shortly to demolish and tear down to the ground the building of which the demised premises were a part, and had already, within a few days past, made a large hole in the roof of the

building and also in the southern wall near the roof, and would carry their purpose of demolition into effect unless they were prevented by injunction ; and that such contemplated demolition of the building would work irreparable injury to him by the destruction of his business, by rendering his expenditures useless, and by depriving him of his benefits, profits, &c. The bill charged various lettings prior to the demise under which the complainant claimed to be in possession. The bill prayed for an injunction and for general relief. On the 2nd of May, 1874, the Court passed an order refusing the injunction. From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, GRASON and ALVEY, J.

*John Henry Keene, Jr.*, for the appellant.

The appellees are charged with an intention to make a forcible entry upon the possession of the appellant. This conduct would be unlawful, even in a case where the occupant had "no apparent shadow of right." 3 *Black. Comm.*, 199, 180, (margin.) And the remedy given by the law is an immediate restitution of the possession and treble damages. *Ibid.* But the restitution of the possession, and damages, would manifestly be inadequate redress after the building was destroyed. The business of the appellant would be effectually ruined. The object of the bill is to protect him in the prosecution of his trade.

The act contemplated, in the language of the Court in *Shipley vs. Ritter, et al.*, 7 *Md.*, 413, "goes to the destruction of the property, as it has been held and enjoyed," and will " impair its just enjoyment in the future." *Mayor, &c., of Frederick vs. Groshon,* 30 *Md.,* 436 ; *State of Georgia vs. Brailsford,* 2 *Dallas,* 405 ; *Clowes vs. Beck,* 13 *Bevan,* 354 ; *North Union Railway Co. vs. Bolton and Preston Railway Co.,* 3 *Eng. Railway and Canal Cases,*

254. The remedy at law "is too remote and contingent, and does not meet the urgency of the case." *Baugher vs. Crane*, 27 *Md.*, 37 ; *Gray vs. Liverpool & Bury Railway Co.*, 4 *Eng. Railway and Canal Cases*, 172 ; *Kerr on Injunctions*, 209, 295. The destruction of the appellant's business is a sufficient ground for an injunction, without other considerations. 2 *Story's Eq. Juris.*, sec. 296 ; *Gilbert vs. Mickle*, 4 *Sandford's Ch. Rep.*, 358 ; *Parker vs. Winnipiseogee Lake Cotton and Woolen Co.*, 2 *Black*, 545 ; *McCreery vs. Sutherland*, 23 *Md.*, 471.

The probable profits which the appellant may make by carrying on his business, cannot be definitely computed. They would not furnish a basis for the damages in an action at law. *The Amiable Nancy*, 3 *Wheat.*, 546 ; *La Amistad de Rues*, 5 *Wheat.*, 385 ; *Middlekauf vs. Smith*, 1 *Md.*, 343 ; *Abbott vs. Gatch*, 13 *Md.*, 314 ; *Sedgwick on Meas. Dam.*, secs. 69 to 75, (3rd Ed.)

The deprivation of these profits is a ruinous injury, and the remedy by injunction, is, therefore, necessary.

*S. Teackle Wallis*, for the appellees.

The first and manifest objection to the bill is the obvious absence of that " full and candid disclosure of all the facts," which is imperatively required from every party, who appeals to "the sound conscience of the Court," for the exercise of its extraordinary powers. *Canton Co. vs. N. Central R. W. Co.*, 21 *Md.*, 398 ; *Shoemaker vs. Nat'l Mech. Bank,* 31 *Md.*, 398 ; *Reddall vs. Bryan*, 14 *Md.*, 476.

It is impossible to read the bill without seeing that there is something behind it carefully concealed from the Court. It presents the case of the owner of the reversion of a large and valuable building, conspiring with two others in no alleged privity of interest, to raze it to the ground, for no assigned purpose and for none that can be inferred, except that of inflicting irreparable and gratuitous injury on the

tenant, who is paying $2,500 per annum for it. The bill prays the Court to restrain the lessor from doing what, upon its own showing, is tenfold more injurious to her than to the complainant. He has only a term of one year remaining and she the entire fee in the premises to be destroyed. No such case is known in the books, and it is impossible that the facts can be nakedly as presented. No such sacrifice could be made, without cause, by the lessor, and no such purpose as is alleged could exist, without some claim of right. Such cause and such claim ought to have been stated, even if they were denied or controverted, and a full statement of them was essential to a frank presentation of the case.

The complainant makes no sufficient averment of any right in himself to assert the equities set up. He avers himself to be in possession under a lease which contains various "provisions and covenants," with an express stipulation that in case of his failure to perform any of them, the lessor may re-enter upon the premises, without further form or process of law, and upon said re-entry the lease shall be void. It is essential therefore to the rightfulness of his possession, and the wrongfulness of any re-entry or avoidance of the lease or disturbance of his possession, that he shall have kept all of his said covenants. He not only makes no averment of this, but his failure to do so is made conspicuous by the fact that he does specifically and formally aver it as to the first lease, which expired in November, 1870. Nor, while he avers himself to be "in the possession and occupancy" of the premises, under the lease, does he venture to charge that such possession is lawful, or that the alleged purpose of the defendants is unlawful. *Woodfall's Landlord and Tenant,* 573 ; *Taylor on Landlord and Tenant,* 392, sec. 531 ; 2 *Platt on Leases,* 346, 517 ; *Cooke vs. Brice,* 20 *Md.,* 402 ; *Story's Equity Plead.,* sects. 255, 257 ; 2 *Daniel's Chan. Prac.,* 1639 ; 2 *Chitty's Pl.,* 559.

It is perfectly consistent with every averment of fact in the bill, that, even if the purposes charged be truly charged, the lessor may be in the exercise of her clear legal rights under the lease. So far as the Messrs. Glenn are concerned, as they are averred to be acting with the lessor, their acts are lawful if hers are. And it is further to be observed, that although there is a prayer for general relief, there is no averment of any case for relief against any of the parties, at law or in equity, to which the injunction may be ancillary or essential.

Although it is difficult to fix the precise point at which the jurisdiction of equity, in cases like this, begins (*Glenn vs. Fowler,* 8 *Gill & J.,* 349,) it seems to be very clear, under all our decisions, that there must be irreparable injury threatened, for which there is no remedy, or no sufficient remedy, at law. *Cherry vs. Stein,* 11 *Md.,* 28; *B. & O. R. R. Co. vs. Strauss,* 37 *Md.,* 237. If compensation can be made, the remedy is at law. *Green vs. Keen,* 4 *Md.,* 106; *Gentil vs. Armand,* 38 *Howard Pr. Rep.,* 94; *George's Creek Co. vs. Detmold,* 1 *Md. Ch. Dec.,* 379; *Pfeltz vs. Pfeltz,* 14 *Md.,* 381.

Now there can be no question of the liability of the lessor to the lessee, under the covenant for quiet enjoyment implied in the lease, for all damages resulting from its breach by or through her. *Baugher vs. Wilkins' Exrs.,* 16 *Md.,* 45.

Nor can there be any difficulty in measuring such damage, even if the element of injury to trade should belong to it. The complainant's lease cannot in any event, last longer than a year, if it be not already forfeited. He has no permanent interest in the stand, nor in the good will attaching to it or to the business there. His only interest is in the profits for the next year, and they can be estimated without the slightest difficulty. *Dugan vs. Anderson,* 36 *Md.,* 573.

This case has none of the elements which induced this Court to enjoin in the case of *McCreery vs. Sutherland,*

23 *Md.*, 481, where the circumstances rendered the injury irreparable, because the damages could not be fairly measured at law.

STEWART, J., delivered the opinion of the Court.

If the complainant will not have a complete remedy at law, for the apprehended grievance, he is clearly entitled to be protected by the summary and preventive process of the interlocutory injunction.

But might not adequate damages be recovered by him at law, if he were wantonly intruded upon and broken up in his business? Is it quite certain that in such case, he would not be entitled to recover, not only consequential, but exemplary damages, if he were disturbed under circumstances of aggravation? If there can be ample redress at law, a Court of Equity ought not to interfere, because the parties have the constitutional right to trial by jury. However this might possibly be, according to the averments of the bill detailing the circumstances of his case, if he has duly discharged all his obligations under the lease, he ought not to be disturbed; and is entitled to the remedy he seeks, because he might not be able to recover in a suit at law, adequate damages for such disturbance of his possession, as threatened.

In this respect, we should have had no difficulty in asserting his right to the injunction.

But it does not sufficiently appear from the allegations of the bill, that he has performed all his obligations under the lease. The averment, that he remains in possession of the premises, under the lease, and has had quiet and peacable possession and occupation of the same, without the further averment, that he has performed all the covenants and conditions incumbent on him, does not present that full disclosure of the case, to justify the extraordinary relief asked.

To warrant the Court in issuing an injunction, strong *prima facie* evidence of the facts, on which the complain-

ant's equity rests, must be presented to the Court; and a full and candid disclosure of all the facts.  *Union Bank vs. Poultney*, 8 *G. & J.*, 324; *Reddall vs. Bryan*, 14 *Md.*, 476; *Canton Co. of Balt. vs. N. Central Railway Co.*, 21 *Md.*, 398; *Shoemaker vs. Nat. Mech. Bank*, 31 *Md.*, 398.

The bill should fully and fairly state the case, within the knowledge of the plaintiff, so that the Court may see that *prima facie*, the thing is fair, in the aspect in which it is presented to the Court—all the facts must be brought before the Court, which are material—there must be no concealment—all the *res gestæ* must be represented as they actually are.  *Kerr on Inj.*, 608.

The lease under which the complainant claims the right to occupy and possess the property, contains sundry stipulations, to be observed by the complainant—whether they have been faithfully performed on his part, does not appear. If there had been such averments, his prayer ought to have been granted, and injunction issued; but the bill was defective, in this regard, and the Circuit Court committed no error, in refusing the injunction.

*Order affirmed.*

(Decided 15th May, 1874.)