THE COUNTY COMMISSIONERS OF GARRETT COUNTY and IRA E. FRIEND, Collector *vs.* THE FRANKLIN COAL COMPANY.

*When an Injunction should not be granted.*

The bill of complaint of the Franklin Coal Company, which claimed to have been incorporated by the Act of 1852, ch. 322, represented that since its incorporation it had been regularly assessed upon the tax books of Allegany County, for county and State taxes upon its capital stock, and the taxes so assessed had been annually paid to the collector; that during the latter part of 1872, or the beginning of 1873, the county now known as Garrett, was formed out of a portion of Allegany county; that the major portion of the lands of the complainant were, by this division, thrown into or became a part of the county of Garrett; that said lands or the greater portion of the same were what were known as mineral lands, underlaid with seams or beds of coal; that the dump house and point of loading of coal of the Franklin mines is on the land of the complainant and located within the present limits of Allegany county, and the shipping office where the mining operations of the complainant are carried on, is also located in Allegany county; that the sales office and the stock books of the company are situated in Baltimore City; that the president of the company is a resident of Baltimore county, and is the owner of a majority of the shares of the capital stock of said company; that although the complainant had been thus assessed and had regularly from year to year, including the years 1873 and 1874, paid the county and State taxes so assessed, to the collector of taxes for Allegany county, and although the assessment and payment of the aforesaid taxes had been duly certified to and made known to the County Commissioners, and collector of taxes for Garrett county, yet the said Commissioners had assessed the complainant to the extent of $75,000 of the capital stock of the company on which they claimed the sum of $597.65 for county tax and the further sum of $20.91 interest for the year 1874, and had served notice upon the company that unless the same was paid to the collector of taxes for Garrett county within a time specified, he would proceed to collect the same by way of distress to be levied upon the personal property of the company. The bill prayed for an injunction to restrain the collector and the Commissioners of Garrett county, &c., from levying upon the personal property of the complainant to satisfy said claim for taxes. HELD:

County Commrs. of Garrett County, &c. *vs.* Franklin Coal Co.

That the averments of the bill were not sufficient to justify the granting of the injunction prayed.

APPEAL from the Circuit Court for Garrett County, in Equity.

The bill of complaint of the Franklin Coal Company represented that on the 13th of June, 1854, it was duly incorporated under the Act of 1852, ch. 322, of the Legislature of Maryland; that each and every year since its incorporation, it had been regularly assessed upon the tax books of Allegany county, for county and State taxes upon its capital stock, and the taxes so assessed had been annually paid to the collector of county and State taxes for said county, and for which payments so made, it held the collector's several receipts therefor; that during the latter part of the year 1872, or the beginning of the year 1873, the county now known as Garrett, was formed or erected out of a portion of the territory theretofore comprised within the limits of Allegany county; that the major portion of the lands belonging to the complainant were, by this division, thrown into or became a part of the county of Garrett; that said lands, or the greater portion of the same, were what were known as "Mineral Lands," underlaid with seams or beds of coal; that the dump house and point of loading of coal of the Franklin Mines was on the said land of the complainant, and was located within the present limits of Allegany county, and the shipping office, where the mining operations of the complainant were carried on, was also located near the mouth of said mines, in said Allegany county; that the sales office and stock books of said company were situated in Baltimore city; that the President of said company, James Boyce, was a resident of Baltimore county, and was the owner of a majority of the shares of the capital stock of said company.

472 MARYLAND REPORTS.

County Commrs. of Garrett County, &c. *vs.* Franklin Coal Co.

And further, that although it had been thus assessed, and had regularly, from year to year, including the years 1873 and 1874, paid the county and State taxes so assessed upon its capital stock, to the collector of taxes duly appointed and commissioned by the County Commissioners for Allegany county, and although the assessment and payment of the taxes aforesaid, had been duly certified to and made known to the County Commissioners and collector of taxes for Garrett county, yet the said Commissioners for Garrett county had undertaken to assess, and had actually assessed the complainant, to the extent of $75,000 of the capital stock of said company, on which they claimed the sum of $597.65 for county tax, and the further sum of $20.91 interest on the tax for the year 1874, and had served notice upon the said company, that unless the same was paid to Ira E. Friend, collector of county and State taxes for Garrett county, within thirty days from the 26th day of August last, the said Ira E. Friend, collector as aforesaid, would proceed to collect the same by way of distress, to be levied upon the personal property of said company.

The bill thereupon prayed for an injunction to restrain the said Ira E. Friend, collector, and the said Commissioners of Garrett county, their officers or deputies from levying upon the personal property of the complainant to satisfy said claim for taxes, until the final hearing or the further order of the Court,

The injunction was issued as prayed. The defendants answered the bill and appealed from the order granting the injunction.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*James Revell,* for the appellants.

No appearance for the appellee.

STEWART, J., delivered the opinion of the Court.

All the cases uniformly maintain, that the power of a Court of equity to grant the writ of injunction, must be exercised with the greatest caution.

A full disclosure of all the material facts, and a clear *prima facie* case demanding redress, must be made by the allegations of the bill to warrant such proceedings. *Johnston vs. Glenn*, 40 *Md.*, 200.

There is not sufficient foundation furnished by the averment of the bill in this case to justify the interposition of the Court.

The Act of 1866, ch. 157, sec. 14, provides for the taxation of the stock of the corporations specifically described therein.

The stock of mining, manufacturing and other like corporations, is to be taxed as of the place where its works are situated, or the greater part of its operations shall be conducted.

The Act of incorporation of the complainant is not produced; and there is no averment as to its nature and characteristics sufficiently definite to enable the Court to determine the applicability of the provisions of the tax laws thereto.

There is no averment that the company is liable to taxation upon its capital stock in Allegany, and not in Garrett county.

The mere averment of the fact, that Allegany county has undertaken to exercise the right to assess and collect taxes from the company upon its capital stock, is not sufficient *per se* to show its authority to do so, and that the claim of Garrett county is unauthorized.

The amount paid on its capital stock to Allegany county, is not averred, nor are the receipts for the payment of the taxes to the collector of that county produced, nor their non-production accounted for. *Hankey vs. Abrahams*, 28 *Md.*, 288.

The order of the Circuit Court of the 21st of September, 1875, allowing the injunction must be reversed.

*Order reversed, and*
*bill dismissed.*