(Decided 13th June, 1888.)

JOHN LAMM, and W. OLIVER HUGHES, Sheriff of Harford County *vs.* DANIEL R. BURRELL.

*Pleading in Equity—Insufficiency of Allegations of a Bill to Warrant an Injunction.*

A bill in equity asking that the sheriff may be restrained from serving and executing a writ directing him to eject the complainant from certain lands and premises, and alleging that said writ has been illegally, wrongfully and unjustly procured by the defendant, is insufficient to show the complainant entitled to the relief asked for, having failed to state the nature of the writ, or to designate the tribunal that issued it, or to aver that the writ was itself illegal, or to furnish a copy of it as an exhibit, or to explain why a copy could not be produced, or to disclose the character of the complainant's occupancy and possession of the land, or to set forth facts to enable the Court to see whether the remedy, if any, were at law or in equity.

APPEAL from the Circuit Court for Harford County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

Lamm and Hughes *vs.* Burrell.

*H. Arthur Stump*, for the appellant Lamm.

*Walter W. Preston*, for the appellee.

McSHERRY, J., delivered the opinion of the Court.

The bill of complaint in this case was filed by the appellee on the Equity side of the Circuit Court for Harford County. It contains but two averments. These are, first, "That a certain John Lamm, of Cecil County, in said State, has illegally, wrongfully and unjustly procured a writ now in the hands of W. Oliver Hughes, sheriff of said Harford County, which said writ directs the said sheriff to eject your orator, Daniel R. Burrell, from certain lands and premises situate in the City of Havre de Grace on Warren street in said city, now in the occupancy and possession of your orator;" and second, "That said writ was illegally, wrongfully and unjustly procured, and its service and enforcement would work great injury and detriment to the rights of your orator under the laws of the State." The prayer of the bill was for an injunction to restrain the service and the execution of the said writ. The Court passed an order granting the injunction. The defendant, Lamm, answered the bill and forthwith prayed an appeal to this Court under section 21 of Article 5 of the Code of Public General Laws. The sheriff of Harford County, the other defendant, answered subsequently.

The sufficiency of the averments of the bill is the only question raised by this appeal. Whilst the answer of the defendant is indispensable as a condition of his right to bring the case to this Court under the section of the Code referred to, (*Furlong vs. Edwards*, 3 *Md.*, 99,) we are not permitted to look to it or to consider it in disposing of the question presented by the appeal. *Alexander vs. Worthington*, 5 *Md.*, 471. If the

Lamm and Hughes *vs.* Burrell.

allegations of the bill are sufficient, according to the established rules of equity pleading, the order will be affirmed without inquiring into their truth or falsity. If, upon the other hand, the bill be defective in substance, and if its averments be vague, indefinite and insufficient, the order appealed from will be reversed without any regard to the merits of the controversy.

It is quite a familiar principle, recognized in the 15th of the rules adopted by this Court for the regulation of the pleading and practice in Courts of equity in this State, that every bill in equity must contain a clear statement of the *facts* upon which the plaintiff relies for relief. It is equally well settled that to warrant the Court in issuing an injunction a full and candid disclosure of all the facts must be made. There must be no concealment and the *res gestae* must be represented as they actually are. *Johnston vs. Glenn, et al.,* 40 *Md.,* 200 ; *County Com. of Garrett Co. vs. Franklin Coal Co.,* 45 *Md.,* 470. The Court must be informed by the bill itself and its accompanying exhibits, if any, of every material fact constituting the case of the plaintiff, in order that it may be seen whether there is a just and proper ground for the application of so summary a remedy. Strong *prima facie* evidence of the facts on which the plaintiff's equity rests must be presented to the Court. *Laupheimer vs. Rosenbaum, et al.,* 25 *Md.,* 219.

The bill before us does not meet these requirements. The averment that the appellant "has illegally, wrongfully and unjustly procured a writ" directing the sheriff to eject the appellee from certain premises, is vague and indefinite. There is nothing to show the nature of the writ or to designate the tribunal that issued it. It is not stated and does not appear whether the writ is an execution issued upon a judgment in ejectment, or whether it is an *habere facias* sued out by

Lamm and Hughes *vs.* Burrell.

a purchaser of real estate sold under a decree in chancery, or whether it is a restitution awarded to a landlord against a tenant unlawfully holding over. The writ is not described and no single *fact* is stated, indicating wherein the procurement of it was either illegal or unjust. The averments actually made are merely the *conclusions* of the pleader from the facts within his knowledge; but those facts are not disclosed, as they should have been, so that the Court could see whether those conclusions were well founded or not. The bill leaves the Court in total ignorance of all the facts relied on to impeach the legality of the mode resorted to for the procurement of the writ. It does not even aver that the writ was itself illegal, but only that its procurement was. No copy of the writ was filed as an exhibit, as it should have been; or if no copy could have been procured some explanation ought to have been made in the bill accounting for its non-production. *Hankey vs. Abrahams*, 28 *Md.*, 588.

It is impossible for the Court to see, upon looking to the bill alone, whether the appellee has invoked the proper remedy or not. There is nothing in the bill to indicate that a Court of equity has any jurisdiction in the premises. From aught that appears to the contrary, in the case made by him, assuming all his charges to be admitted, the appellee may have a complete, full and adequate remedy in a Court of law against the appellant. Whilst it is not necessary to aver that the plaintiff has no adequate remedy at law, yet the facts, and all the material facts, upon which reliance is placed for relief in equity must be set forth, so that the Court may see whether the remedy, if any, be at law or in equity.

There is no allegation that the appellee was rightfully in "the occupancy and possession" of the "lands and premises" from which the writ directed the sheriff

to eject him.   The character of his occupancy and pos-
session, whether as owner, tenant or trespasser, is not
made to appear; and he sets forth nothing in his bill
from which the Court can know or infer that he has
even the shadow of a right or claim to retain or to
continue his occupancy and possession of the land and
premises referred to.

It is therefore apparent that the order appealed from
must be reversed.

*Order reversed, with costs.*

(Decided 13th June, 1888.)