## THOMAS C. CHAPPELL, TRUSTEE *vs.* H. LEE CLARK, ET AL.

*Equity Practice—Necessary Exhibits Must be Filed Before Passing Orders on a Bill—Refusal of Mortgagee to Execute Release.*

The fourth equity rule (*Code*, Art. 5, sec. 120), directs that no order or process shall be made or issued upon any bill or petition until the same, together with all the exhibits referred to therein, be filed with the clerk of the Court. Upon a bill asking the Court to assume jurisdiction of a trust created by a will and to grant an injunction, an order was passed and the injunction granted before the will was filed as an exhibit. Two days afterwards a petition was filed in the cause alleging that the petitioner had tendered to the defendant, trustee, the amount due under a mortgage to him, but the defendant had refused to execute a release of the mortgage, and had advertised the property for sale. The petition prayed for leave to pay the money into Court, and for an injunction to restrain the sale. No copy of the mortgage was filed with the petition, but the Court passed an order granting the relief asked for. *Held*, that since both these orders were prematurely passed, without the necessary exhibits being filed, they must be reversed and the cause remanded.

If a mortgagee refuses to execute a proper release of the mortgage upon tender of the amount due, the mortgagor is entitled to pay the money into Court and have a sale of the property restrained.

Appeals from orders of Circuit Court No. 2, of Baltimore City (STOCKBRIDGE, J.)

The cause was argued before McSHERRY C. J., FOWLER, PEARCE, SCHMUCKER and JONES, JJ.

*Bernard Carter* for the appellant.

*Wm. J. O'Brien, Jr.* and *Vernon Cook* (with whom were *Gans & Haman* on the brief), for the appellees.

McSHERRY, C. J., delivered the opinion of the Court:

This record brings up two appeals from two orders of Circuit Court No. 2, of Baltimore City. The proceedings which resulted in the passage of these orders, were commenced by a bill of complaint filed by the appellees against the appellant. The bill asked the Circuit Court to assume jurisdiction of a certain trust, and it prayed that Thos. C. Chappell be required to give bond as trustee, and that he be restrained from receiving or investing any of the funds of the trust estate until he first filed a duly approved bond. The trust is alleged to have arisen under the will of Philip S. Chappell. An extract from the will is quoted in the bill of complaint, but a certified copy of the will was not filed with the bill though leave was asked to file one later on. On the same day that the bill was filed the Court took jurisdiction of the trust and passed an *ex-parte* order requiring the trustee to give bond in the sum of one hundred thousand dollars and granted the injunction prayed for. The appellant demurred to the bill and then entered an appeal from the order granting the injunction and requiring the bond.

It is apparent that the proceedings were hurriedly carried through, and the well-known litigious character of the appellant may have induced the Court to act with unusual promptness; but there was an error commited in directing any process to be issued before the exhibits referred to in the bill had been actually filed. The fourth equity rule, which is now the statute law of the State, (*Code,* Art. 5, sec. 120), provides that "No order or process shall be made or issued upon any bill, petition or other paper, until such bill, petition or other paper, together with all the exhibits referred to as parts thereof,

be actually filed with the clerk of the Court." In the face of this explicit declaration it was obvious error to pass the order requiring a bond and directing an injunction to be issued. The order must therefore be reversed, but as the exhibit has been now filed a new writ may be issued as soon as the record reaches the Court below.

By a petition filed in the cause two days after the bill had been filed, it was alleged that a co-partnership of which the petitioner was the surviving member, had some five years previously executed a mortgage for twenty thousand dollars to Thomas C. Chappell, trustee, upon certain real estate lying in Anne Arundel County; that the mortgage was due and payable; that the petitioner had tendered the money to Chappell, who had refused to execute a release of the kind demanded by the petitioner; and that Chappell had thereupon proceeded to advertise the mortgaged property for sale. The petitioner then prayed for leave to pay the twenty thousand dollars into Court and asked that an injunction might be issued restraining Chappell from proceeding to foreclose the mortgage. An order was forthwith passed granting the relief so prayed. The petition makes no exhibit of the mortgage. To this petition a demurrer was also interposed and an appeal was taken from the order.

There was error in passing this order. There was no copy of the mortgage exhibited with the petition and the Circuit Court was not warranted in granting an injunction to restrain the foreclosure of the mortgage without having a copy of that mortgage before it. The right of the petitioner to pay the mortgage, the amount which he was obliged to pay, and the date of the maturity of the debt were all matters which could have been determined by an inspection of the mortgage. It was obviously incumbent on the petioner to have filed such an exhibit. Though the order must be reversed, the petition can be amended and the relief sought can then be granted. The mortgage debtor has a right to pay the money into Court if the trustee refuses to execute a proper release of the mortgage ; and he has equally a right to restrain the sale of the property after the money has been paid into Court.

These orders are reversed upon purely technical grounds. The errors which constrain us to direct a reversal are errors which undoubtedly resulted from the haste with which the papers in the case were prepared; but they do not go to the merits of the controversy.

Because these appeals involve none of the merits of the contention between the parties, we shall not put the costs incurred in this Court upon the appellees, but will order them to await and abide the final result.

> *Orders in both appeals reversed and cause remanded, the costs to await and abide the final result.*

(Decided December 7, 1900.)