# HELEN V. DIXON, RICHARD H. DIXON and MARIE DIXON *vs.* JAMES S. DIXON, W. LEE DIXON, MAURICE DIXON and HELLEN S. DIXON.

*Appeals in Equity*: *only after answer filed; general demurrer.*
*Practice in Equity*: *exhibits must be filed; before proc-*
*ess can issue.   Injunctions*: *allegations in*
*bill; evidence.*

For the purpose of appeal, a demurrer to a whole bill will be treated as an answer within the meaning of section 27 of Article 5 of the Code (1912).                         p. 415

Under section 142 of Article 16 of the Code (1912), no order or process may be made or issued upon any bill, petition or other paper, until such bill, petition, etc., with all the exhibits referred to as part thereof, is actually filed with the Clerk of Court.                         p. 415

In all applications for an injunction or for a receiver, the Court must be informed by the bill itself and its accompanying exhibits, if any, of every material fact constituting the case of the plaintiff, in order that it may be seen whether there is a just and proper ground for the application of so summary a remedy.                         p. 416

Strong *prima facie* evidence of facts on which the plaintiff rests must be presented to the Court.                         p. 416

*Decided January 15th, 1913.*

Appeal from the Circuit Court for Dorchester County, in Equity (STANFORD, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS and STOCKBRIDGE, JJ.

*Emerson C. Harrington* (with whom was *T. Sangston Insley* on the brief), for the appellants.

*Clement Sullivan,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Dorchester County, sitting in equity, dated the 22nd day of June, 1912, appointing a receiver to take charge and possession of the goods and effects of one Richard H. Dixon, late of Dorchester county, deceased, pending litigation as to the administration of his estate. The order also directed an injunction to issue as prayed, upon the plaintiff's bill and affidavit thereto.

The bill was filed on the 25th of June, 1912, by the plaintiffs below, children of the decedent, by his first marriage, claiming to be creditors of his estate and seeking a number of reliefs, among them being the appointment of a receiver and the granting of an injunction, as will appear by the prayer of the bill.

The appellants, on the record, and the defendants below, are Helen V. Dixon, widow; Richard H. Dixon, Jr., and Marie Dixon, children of the decedent, by a second marriage.

On the 6th of August, 1912, the defendants filed a demurrer to the whole bill and on the 7th of August, 1912, the plaintiffs joined issue on the demurrer as interposed. On the 10th of August, 1912, the defendants filed an order for an appeal from the order of Court appointing the receivers and granting the injunction, in the case.

The appellees have made a motion to dismiss the appeal principally upon the ground that no sufficient answer has been filed to the bill before the appeal was taken, as required by sec. 27 of Art. 5 of the Code of Public General Laws

(Bagby's). This section provides that an appeal may be allowed "from any order granting an injunction or from refusal to dissolve the same, or from an order appointing a receiver, the answer of the party appealing being first filed in the cause.

It has been often held by this Court, that a demurrer to the whole bill will be treated as an answer for the purposes of the appeal, within the meaning of the section just quoted and will be taken as an answer for the purposes of the appeal. *Baltimore* v. *Gill,* 31 Md. 375; *Baltimore* v. *Weatherby,* 52 Md. 442; *C. & P. Telephone Co.* v. *Baltimore,* 89 Md. 708; *Chappell* v. *Clark,* 92 Md. 100.

We think as the demurrer in the case at bar is to the whole bill, it is a sufficient answer thereto to permit, the defendants to appeal from the order of the Court appointing a receiver and granting an injunction and as the other grounds alleged for the dismissing of the appeal are without merit, the motion will therefore be overruled.

The case then being properly before us on .appeal, the question for our consideration is whether the Court below committed an error in granting an injunction and in appointing a receiver upon the averments of the bill alone, without a hearing upon the part of the defendants.

In the first place, it appears upon an examination of the record, that the bill of complaint was not filed, until the 25th of June, 1912, although the order of Court, appointing the receiver and granting the injunction was passed on the 22nd day of June, 1912.

By section 142 of Article 16 of the Code of Public General Laws (1912), it is distinctly provided that no order or process shall be *made* or issued upon any bill, petition or other paper, until such bill, petition or other paper, together with all the exhibits referred to as part thereof, be actually filed with the clerk of the Court.

In *Chappell* v. *Clark,* 92 Md. 100, it was held to be error, to pass an order directing any process to be issued before the exhibit referred to in the bill had been actually

filed as required by the equity rule just cited. In *Chappell's Case,* an injunction had been issued restraining a mortgage sale, without a copy of the mortgage being exhibited with the bill and it was held that the Court was not warranted in granting the injunction and the order as granted was reversed, and the cause remanded.

But apart from this we do not think the bill presented a proper case for either an injunction or the appointment of a receiver, in so summary a manner and without a hearing upon the part of the defendants.

There was no proof offered in support of the averments of the bill and the evidences of debt, mentioned in the bill were not filed to show that the plaintiffs were creditors of the estate.

We fail to find the material and necessary averments in this bill that would authorize the appointment of a receiver without notice to the defendants and a hearing of the case.

In *Lamm* v. *Burrell,* 69 Md. 272, it is said, the Court must be informed by the bill itself and its accompanying exhibits, if any, of every material fact, constituting the case of the plaintiff, in order that it may be seen whether there is a just and proper ground for the application of so summary a remedy. Strong *prima facie* evidence of the facts on which the plaintiff's equity rests must be presented to the Court. *Anderson* v. *Cecil,* 86 Md. 492; *Baker* v. *Baker,* 108 Md. 269; *Balto. Trust Co.* v. *George's Creek Coal Co.,* 119 Md. 21.

In *Skate Mfg. Co.* v. *Randall,* 112 Md. 415, after a review of the cases upon the subject of the appointment of receivers, this Court said: It is well settled by all the adjudications of this Court and by the established equity practice in this State, that Courts cannot be too cautious and careful, in the exercise of a jurisdiction so summary in its character and one which may deprive a person of his property without a notice and without a hearing. To uphold an *ex parte* proceeding of this character would not only afford a convenient mode of depriving one of his

property, but would work an injury that would be difficult to subsequently repair or remedy.

In the case at bar, there was no necessity for the hurried proceedings or the haste that resulted in the order of the 22nd of June, 1912, because it appears by the bill that all the defendants are residents of Dorchester county and within reach of the Court, where the order was passed. *Nusbaum* v. *Stein,* 12 Md. 315; *Triebert* v. *Burgess,* 11 Md. 452; *Gottschalk* v. *Stein,* 69 Md. 51; *Nagengast* v. *Alz,* 93 Md. 522; *Brick Co.* v. *Robinson,* 55 Md. 410.

The principles for the government of Courts of equity on a bill for an injunction also apply to one for a receiver, so what has been said in the discussion of the former, will apply equally to the latter. *Miller's Equity Practice,* 729; *Baker* v. *Baker,* 108 Md. 275.

Upon the merits of the controversy, we express no opinion, because the averments of the bill are not supported by the necessary proof nor are the exhibits filed with the bill for the inspection of the Court to enable it to pass upon the case. It is impossible for the Court to see, upon looking to the bill alone, whether the plaintiffs are entitled to all the reliefs sought by their bill.

We have confined this opinion to only two of the reliefs, prayed by the bill, and they are the granting of an injunction and the appointment of a receiver. Being of opinion that the Court below committed an error in appointing the receiver and in granting an injunction, the order of the 22nd day of June, 1912, for the reasons stated, will have to be reversed and the cause remanded.

> *Order reversed and cause remanded, costs in this Court to be paid by the appellees and the costs in the Court below to abide the result of the decision of the case.*