AMERICAN-STEWART DISTILLERY, INC.,
*v.* STEWART DISTILLING COMPANY.

[No. 2, January Term, 1935.]

214

Decided *February 7th, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*Eugene Frederick,* for the appellant.

*Morris Rosenberg* and *Paul H. Meyer,* with whom were *Herbert Levy* and *Tydings, Walsh, Levy & Archer* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

The appeal in this case is from a decree of the Circuit Court of Baltimore City sustaining a demurrer filed on behalf of the Stewart Distilling Company (appellee) to the bill of complaint of American-Stewart Distillery, Inc., (appellant). The bill of complaint covers several pages, from a consideration of which, with accompanying exhibits, its material allegations may be summarized as follows:

That on June 10th, 1921, it became a corporation under the name of the "Stewart Distilling Company" for the purpose of distilling and marketing whisky, at which time it acquired a certain distillery premises and business, together with good will, trade-marks, trade-names, and brands in connection with the same, the title to which trade-names and brands existed in its predecessors as early as 1788; and the trade-name "Stewart Distilling Company" had been adopted by its immediate predecessors, who, however, manufactured whisky for medicinal purposes only under proper permits obtained therefor, and likewise after its incorporation appellant engaged in the marketing of whiskies for medicinal purposes only, and so far as possible continued in this capacity until

May 8th, 1925, having in the meantime, by various orders of the Commissioner of Internal Revenue issued under the Concentration Act, been compelled to place all its whiskies in certain concentration warehouses. Having failed to pay its franchise tax due to State of Maryland for the years 1926 and 1927, its charter was forfeited by proclamation on April 23rd, 1929, but on September 20th, 1933, having paid all such taxes and charges, it filed its articles of revival with the State Tax Commission of Maryland, and its charter was duly revived, not under its original name of the Stewart Distilling Company, but under the name of American-Stewart Distillery, Inc., and that it was preparing to resume the business of distilling and selling whisky for medicinal purposes upon the repeal of the Eighteenth Amendment to the Constitution of the United States. The trade-mark "Stewart Whiskey" was registered on May 1st, 1906, by its immediate predecessors, and the words "Stewart Whiskey," "Stewart Rye Whiskey," and "Stewart Pure Rye Whiskey" had been used in connection with the business since its original founding in 1788, either by appellant or its predecessors, and its products had become well known and recognized under said names, brands, and trade-marks, which reputation was of great value to appellant, which then owned the exclusive right to use the word "Stewart" in connection with the manufacture and sale of whisky, and that at the time of the sale of its whiskies, it had permitted the purchasers to market the same under said names and brands with the express reservation that such limited right to use the same should terminate upon the sale of such whiskies and revest in appellant.

It is further alleged that on June 14th, 1933, the Stewart Distilling Company, the defendant below, was incorporated for the purpose of distilling and marketing whisky, and that the appellant has good reason to believe that the defendant corporation was organized with the full knowledge that said trade-names, trade-marks, and brands associated with the word "Stewart" were the sole and exclusive property of appellant, which was entitled to revive its charter and resume business, and appellee

was formed for the purpose of appropriating such trade-names, brands and trade-marks of appellant to its own use, thus causing deception and confusion in the minds of the public; that the appellee was about to commence business of selling whisky and using the word "Stewart" in connection with said business, by reason of all of which appellant would suffer irreparable loss and damage, for which it had no adequate remedy at law.

The bill prayed: (a) That the appellee might be forever restrained from using in its business the word "Stewart"; (b) that it might be enjoined and required to amend its corporate name so as to eliminate the word "Stewart" therefrom; and (c) for general relief.

The complainant below and appellant in this court is American-Stewart Distillery, Inc., but until April 23rd, 1929, its corporate name was the "Stewart Distilling Company," which name since June 14th, 1933, has been the corporate name of the defendant below and appellee in this court. A consideration of the bill of complaint shows its purpose to be twofold: First, to enjoin the appellee from using the corporate name under which on June 14th, 1933, it was formed; second, to prevent the appellee from using any of the trade-marks, trade-names, and brands of appellant; and, in considering the sufficiency of its allegations, it is settled that those which are well pleaded must be taken as true. *Miller's Equity Proc.* p. 171, par. 133; *White v. White*, 5 Gill 359; *Miller v. Baltimore County Marble Co.*, 52 Md. 644; *Textor v. Shipley*, 77 Md. 473, 26 A. 1019, 28 A. 1060.

In considering the first of the above propositions, it should be noted that a court of equity is asked to enjoin appellee from using a name under which it has been incorporated, and which name is identical with the appellant's name prior to the forfeiture of its charter, which charter had been forfeited by proclamation at the time of the incorporation of the appellee. We must look to the statute under which the appellant's charter was forfeited as well as to the statute under which it was revived. The true meaning of the language should be considered rather

than our opinion as to what the Legislature should have said. *Sea Gull Specialty Co. v. Snyder*, 151 Md. 78, 134 A. 133. Such legislative intent may be found by express declaration or by consideration of the general scope and policy of the act. *Graham, Secretary of State, v. Wellington*, 121 Md. 656, 89 A. 232. Also, courts should refrain from putting on a statute an interpretation differing from that applied by administrative officials, except for the most potent and urgent reasons. *Arnreich v. State*, 150 Md. 91, 132 A. 430.

Section 103 of article 81 of the Code, under which appellant's charter was forfeited, provides that from and after its effective date of dissolution "the charters or certificates of incorporation of all such corporations which have not been paid all taxes, interest and penalties due as aforesaid, shall be *ipso facto* repealed, annulled and forfeited and the powers granted to such corporations shall be inoperative, null and void, without the necessity of proceedings of any kind either at law or in equity." There is, however, a provision annexed permitting such corporations to become revived within six months from dissolution upon paying the penalties named in the act. It thus appears to have been the intent that, upon paying such penalties within the six months' period, the defaulting corporation was permitted to function *exactly* as before, which included the use of its former name, but without such revival within the period it must forever remain dead. This was the appellant's situation until the passage of chapter 381 of the Acts of 1931, which was further amended by chapter 322 of the Acts of 1933 (now section 144½ of article 81 of Code, Supp. 1929 [as added by section 2 of the Act of 1931, as amended by the Act of 1933]). The appellant's charter was revived under the act last mentioned, which by its terms gave all corporations whose charters had been forfeited the right to be revived at any time upon compliance with certain conditions. The first of these required that the name of the old corporation at the time its charter was forfeited should be given, and another condition required that the

name by which it would be known after revival must be given. Upon compliance with these conditions and payment of the required penalties, fees, etc., the corporation could be revived. The requirement as to giving its future name would seem to indicate that its old name might not be available, since it is further provided that the name must be such as could be adopted by a corporation of the state, organized or existing at the time of the receipt for record of the articles of revival.

It has been urged by counsel for appellant that this statute, permitting revival at any time by complying with the prescribed conditions, was a warning to the appellee not to select the name the "Stewart Distilling Company" which had formerly been the name of the appellant, or in selecting such name it did so at its peril, and can now be compelled to surrender it in favor of the revived corporation; but we do not so construe the statute. To place this construction upon it, we would have to conclude from the language of the act that the Legislature intended to place a burden upon those about to form a new corporation of ascertaining the names which, although not then in use, had ever been used in the past, even though the corporations which had once used such names were dead; that the Legislature was more interested in keeping a name for a dead corporation which showed no evidence of ever desiring to pay its obligations to the State than it was to allow a new corporation, which was ready to do business with the State upon a cash basis, to have such name. Furthermore, from a consideration of the act and the record before us, the conclusion is compelling that the appellant, in filing its articles of revival, actually gave the name of "American-Stewart Distillery, Inc.," as the name by which it would thereafter be known. Under such circumstances, there is no equitable principle upon which the appellant can complain of receiving such name, for this would be equivalent to complaining of its own conduct. Notwithstanding the acts of the State Tax Commission are presumably correct under the statute, still, had the appellant not desired to use this name, it could

have asked for such other name as it felt entitled to use, and if the decision of the commission had been against its contention, this action could have been reviewed by mandamus. *Curlander v. King,* 112 Md. 518, 77 A. 60; *Hummelshime v. Hirsch,* 114 Md. 39, 79 A. 38; *Foote & Co. v. Harrington,* 129 Md. 123, 98 A. 289.

As it therefore appears from the bill of complaint, exhibits, and statutes applicable thereto, that the appellee has obtained its name in a legal manner, it cannot be enjoined from its legitimate use.

There remains for consideration the question of the sufficiency of appellant's allegations in respect to the threatened use by appellee of its trade-marks, trade-names, and brands. It is well settled that an application for an injunction goes to the sound conscience of the court, acting upon all the circumstances of each particular case, and the court, having the right to require a full and candid disclosure of all the facts, may refuse to exercise its extraordinary power by writ of injunction if the proceedings are such as to show that a full disclosure has not been made. *Canton Co. v. North. Cent. Railway Co.,* 21 Md. 383. In all applications for an injunction or for a receiver, the court must be informed by the bill itself and its accompanying exhibits, if any, of every material fact constituting the case of the plaintiff, in order that it may be seen whether there is a just and proper ground for the application of so summary a remedy. *Dixon v. Dixon,* 119 Md. 413, 86 A. 1042.

It is contended by appellee that the bill of complaint shows upon its face that any rights which appellant had in the old company as a trade-name were lost by abandonment, and that neither a trade-name nor good will can exist independently of the business to which they adhere. The first of these contentions seems sufficiently refuted by the act of revival, which of itself is some evidence of an intention to resume business. True, according to the allegations, the appellant at this time is not engaged in manufacturing whisky, but it does not follow that it will be unable to resume business at some later

date, in which event its trade-names and trade-marks may be of considerable value to it, and this notwithstanding that registration of its trade-mark has apparently expired. *Park & Tilford Import Corp. v. Nash,* 166 Md. 373, 171 A. 339. Moreover, the forfeiture of its charter did not destroy its assets, but the same were thereupon automatically transferred to its directors, as trustees, for the use of creditors, stockholders, and members, and held by such trustees until the revival of the corporation, by the express terms of which, under its new name, it became vested with all real and personal property, rights, and credits of the former corporation at the time its charter was forfeited, and which had not previously been disposed of. Article 23, sec. 95, of the Code; article 81, sec. 144½ (e) ; chapter 322, Acts 1933.

Notwithstanding this, does the bill of complaint sufficiently state facts to show irreparable damage in respect to the use by the appellee of its trade-marks, trade-names, and brands? It has been held that the mere allegation in a bill of complaint that irreparable damage will ensue is not sufficient unless facts are stated which will satisfy the court that the apprehension is well founded. *Lamm v. Burrell,* 69 Md. 272, 14 A. 682; *West Arlington Land Co. v. Flannery,* 115 Md. 274, 80 A. 965; *Warren Mfg. Co. v. Baltimore,* 119 Md. 221, 86 A. 502; *Consolidated Gas Co. v. North. Cent. Rwy. Co.,* 107 Md. 671, 69 A. 518; *Fowler v. Pendleton,* 121 Md. 297, 88 A. 124; *Pope v. Clark,* 122 Md. 1, 89 A. 387; *Baltimore v. Sackett,* 135 Md. 56, 107 A. 557; *Salisbury v. Camden Sewer Co.,* 135 Md. 573, 109 A. 333, 336.

In the case last cited, Judge Boyd, speaking for this court, said: "Another objection is that there is no sufficient statement of facts in the bill to show irreparable damage. The mere allegation that the plaintiff will suffer irreparable damage is not sufficient, but facts must be stated which will satisfy the court that the apprehension is well founded." So in this case the appellant's allegations respecting irreparable damage by reason of the appellee's use of its trade-marks, trade-names, and brands,

are nothing more than its apprehensions and anticipations. There are no facts alleged to satisfy the court that such apprehension is well founded.

While for these reasons it follows that the order sustaining the demurrer should be affirmed, the appellant will not thereby be precluded from taking any subsequent action against the appellee which may become necessary to protect it from invasion of such trade-marks, trade-names, and brands.

*Order affirmed, with costs to the appellee.*