# W. JEROME STERLING vs. WM. S. McMASTER.

*Collection of Taxes—Local Statute.*

Under the Act of 1894, chap. 578, the Treasurer of Somerset County is required, as soon as practicable after January 1, to deliver to each delinquent tax-payer in that county an account of his assessment with a warning that if not paid within sixty days it will be collected by process of law. The Act also provides that all tax bills unpaid on April 1, after such notice, shall be placed by the treasurer in the hands of the sheriff for collection. The sheriff filed a petition stating that on April 1 a large number of tax bills were unpaid and that the treasurer had refused and neglected to place them in petitioner's hands for collection. The petition asked for a *mandamus* to compel the performance of this duty. *Held*,

1st. That the statute contemplated a personal delivery of the notices to the delinquent tax-payers. If there should be delay in giving the notices so that the sixty days would not expire before April 1, the law would not on that account be defeated, but the taxes could be collected afterwards.

2nd. That the sheriff could not demand the delivery of the tax bills without showing that the sixty days after the delivery of the notices had expired when the petition was filed.

Appeal from an order of the Circuit Court for Somerset County (PAGE, C. J., and LLOYD, J.), dismissing appellant's petition for a *mandamus*. A demurrer to the petition was filed by agreement of the parties.

The cause was argued before BRYAN, McSHERRY, BRISCOE, ROBERTS and BOYD, JJ.

*Thomas S. Hodson* (with whom were *Edward S. Kines* and *T. Sherwood Hodson* on the brief), for the appellant.

*Joshua W. Miles* and *Harry L. D. Stanford*, for the appellee, submitted the case upon the opinion of the Court below.

BRYAN, J., delivered the opinion of the Court.

Sterling, the sheriff of Somerset County, filed a petition for a *mandamus* against McMaster, treasurer and collector of the same county. It was alleged that McMaster, in violation of his duty, refused to place in the hands of the sheriff certain bills for the collection of unpaid taxes, and the petition prayed that he might be compelled by *mandamus* to perform the alleged duty. A demurrer having been entered by consent, the Court dismissed the petition.

The duties of the treasurer and collector were imposed by the Act of 1894, chapter 578. By the two hundred and fifteenth section of the Act he is required each year, as soon as the annual levy is made, to give public notice thereof by advertisement in at least two newspapers published in Somerset County, and the taxes are declared to be due and payable on the first day of October of the year in which they are levied. By the same section it is made the duty of the treasurer and collector to sit for two days for the purpose of receiving taxes at the principal town in each election district in the county, and if there be no town, then at the principal or some convenient place of resort therein; and he is required to give due notice of each of said sittings by advertisement in two newspapers published in the county. By the two hundred and sixteenth section it is declared that on the first day of January in each year, taxes shall be deemed to be in arrears, and interest shall be collected on them from the first day of October. The treasurer is required as soon as practicable after the first day of January to deliver to each delinquent who has not previously received such notice, an account of the assessment and the taxes and interest due thereon, with a notice and warning thereto attached, that unless payment in full be made within sixty days from the delivery of such notice, the same shall be collected by process of law. It is also required by the same section that all tax bills unpaid on the first day of April, after the service of such notice shall be placed by the treasurer in the hands of the sheriff, who

is required forthwith to proceed to collect them according to the provisions of the Public General Laws.

The petition alleges that on the 1st day of April, 1895, a large proportion of the bills of State and county taxes being unpaid, he demanded of William S. McMaster, the treasurer and collector as aforesaid, that the taxes remaining unpaid on that date be handed over to him, your petitioner, under the provisions of the said Act, and placed in his hands for collection; but the said William S. McMaster, contrary to his duty, neglected and refused, and still neglects and refuses to place the said bills for taxes remaining unpaid in the hands of the petitioner for collection.

The quotations from the statute which we have made, show that as soon as practicable after the first day of January, the treasurer shall deliver to each delinquent (who has not previously received notice) an account of his assessment, accompanied with the notice and warning that the tax will be collected by process of law, if not paid within sixty days. He is of course entitled to a reasonable time to deliver these notices and warnings. The terms of the Act imply a personal delivery to each delinquent. Although it is impossible to determine in advance what length of time might be required to make these deliveries, yet it is very certain that the treasurer ought to act promptly and diligently, as becomes a public officer impressed with the necessity of making a speedy collection of taxes. If the delinquent should fail to make payment within sixty days after the delivery of the notice and warning, he is liable to legal process; and if this time has expired the bills must be placed in the hands of the sheriff for collection on the first day of April. In passing, we would say that we would not intimate that the bills were to be withheld from the sheriff in case the sixty days did not expire until after the first of April. The law manifestly contemplated that the warnings would be given more than sixty days before the first day of April. But if for any reason there should be a delay in giving them, so that this term of notice would not expire

before the first day of April, the law is not on that account
to be defeated. Its grand leading object is to compel the
speedy collection of taxes; and that object must be attained,
notwithstanding the proceedings for this purpose should not
be carried out at the times designated. The time appointed
for placing the tax bills in the hands of the sheriff is not an
essential part of the statute, but the speedy collection of
taxes is the predominant purpose for which it was enacted.
It would be most unwise to sacrifice this end to the matters
of administration which were intended to accomplish it. In
*State ex rel. Webster* v. *County Commissioners*, 29 Md. 516,
this Court considered a statute which provided that the
County Commissioners of Baltimore County should, *within
twenty days after its passage*, order an election for super-
visors of roads and bridges. It was held that the election
might be ordered after the expiration of the twenty days,
and that the County Commissioners might be compelled by
*mandamus* to order it. The Court quoted a decision of LORD
ELLENBOROUGH on an Act of Parliament, which required
the Justices of the Quarter Sessions to appoint a surveyor
of highways at their first special session after Michaelmas.
The appointment was not made at the first session, and the
Justices declined to make it at the subsequent sessions. His
LORDSHIP said: "This part of the Act is only *directory* to
the magistrates to make the appointment at the time men-
tioned. * * * And common sense requires that if the
appointment be not made at the first special sessions, it should
be made afterwards." He therefore compelled the appoint-
ment by *mandamus.*

The petitioner does not allege that the treasurer has
unreasonably delayed in delivering the warnings, or that the
sixty days after their delivery had expired when this pro-
ceeding was instituted. If these facts existed they would
show a breach of public duty on the part of the treasurer;
but the allegation in the petition which we have quoted is
far short of this charge. In *Pumphrey* v. *Mayor and City
Council of Baltimore*, 47 Md. 145, it was held that any pri-

vate citizen was entitled to the writ of *mandamus* to enforce the performance of a public duty which was not due to the government as such.    In this case the writ was issued at the suit of Pumphrey to compel the Mayor and City Council of Baltimore to take charge and possession of the bridge over Gwynn's Falls, as required by the Act of 1876, chapter 220.    In a proper case, therefore, the petitioner, like any other citizen, would be entitled to a *mandamus.*

We must affirm the judgment in this case.    But the appellant is at liberty to file another petition if he sees fit to do so.

*Judgment affirmed without prejudice.*

(Decided December 11th, 1895.)