# RED STAR LINE *v.* E. AUSTIN BAUGHMAN, Com-
## MISSIONER OF MOTOR VEHICLES.

*Mandamus — Suit Against State — Overpayments to State —*
*Interstate Commerce—Motor Vehicle Fees.*

While the writ of mandamus is the proper remedy to compel
a public officer to perform a ministerial duty, it will not issue
to compel the performance of a duty wherein the officer must
exercise his discretion.                                    p. 610

Suits, not maintainable against a state, under U. S. Const.,
11th Amend., cannot be enforced circuitously against an execu-
tive officer of the state.                                  p. 610

Mandamus against the Commissioner of Motor Vehicles is
not available to recover from the State excess license fees paid
to the latter for the operation of passenger motor busses, since
money paid into the State Treasury can, under Const. art. 3,
sec. 32, be drawn therefrom only by an appropriation by the
Legislature.                                                p. 611

The only recourse of a proprietor of passenger motor busses,
who, though entitled, under Code, art. 56, sec. 253, to a read-
justment of license charges by reason of a change of route, fails

to apply for such readjustment during the license year, is to apply to the Governor or the Treasury Department to recommend a refund of the excess charges paid, and then to the Legislature for an appropriation.                    p. 611

Code, art. 56, sec. 251, requiring the payment of designated license fees by persons operating public motor vehicles over the roads of the state, being applicable to residents and nonresidents alike, does not deny the equal protection of the laws.    p. 612

Code, art. 56, sec. 251, requiring the payment of designated license fees by persons operating public motor vehicles over roads in the state does not, as applied to one operating such vehicles to points outside the state, impose an illegal burden on interstate commerce.                    p. 612

*Decided November 2nd, 1927.*

Appeal from the Court of Common Pleas of Baltimore City (O'DUNNE, J.).

Petition for mandamus by the Red Star Line, Inc., against E. Austin Baughman, Commissioner of Motor Vehicles. From an order denying the writ, petitioner appeals. Affirmed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Miles & Edgett,* for the appellant.

*Thomas H. Robinson, Attorney General,* and *Herbert Levy, Assistant Attorney General,* for appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Court of Common Pleas of Baltimore City dismissing the appellant's amended petition for a writ of mandamus against the appellee. The amended petition states that the petitioner is a Virginia corporation, qualified to do business in the State of Mary-

land; that the business for which it was incorporated and conducted by it is the operation of passenger motor vehicles for hire, in pursuance of which it operates passenger bus lines in interstate commerce only, between Washington, D. C., and Philadelphia, Pa., and between Baltimore, Maryland, and Harrisburg, Pennsylvania; that the schedules of the petitioner's passenger cars on the two routes were filed with the Public Service Commission of Maryland, and the license fees computed and paid on or about January 1st, 1926, for the year 1926, on the basis of the fees required by section 251 of article 56 of the Code, amounting to $6,486.25; that on August 1st, 1926, the petitioners diverted the Harrisburg-Baltimore line to the route between Washington and Baltimore, and on December 9th, 1926, diverted the cars on the Washington-Philadelphia route to the Washington-Baltimore route, leaving unused the license fees for the two portions of the year 1926, $1,206.75, for which demand was made upon the appellee, who is the Commissioner of Motor Vehicles of Maryland, and by him payment was refused. The petitioner further charges that the refusal of the appellee is "improper, unwarranted and a direct burden upon interstate commerce." To this petition the appellee demurred, and it is on Judge O'Dunne's ruling on the petition and demurrer that this appeal is before us.

It is provided by section 251 of article 56 of the Code that "it shall be the duty of each owner of a motor vehicle to be used in the public transportation of passengers for hire, operating over State, State Aid, improved county roads, and streets and roads of incorporated towns and cities in the State of Maryland, to secure a permit from the Public Service Commission of Maryland to operate over said roads and streets and present same to the Motor Vehicle Commissioner annually at the time and according to the method and provisions prescribed by law for owners of all other motor vehicles, to make an application in writing for registration with the Commissioner of Motor Vehicles," wherein shall appear the seating capacity of cars to be used and the routes and

schedules on which to be run during the ensuing year; and then follows the rate upon which the annual fees to be paid are computed. It is then provided by section 253 that "the license, or registration fees charges under this sub-title shall be on the basis of the entire year, but may be issued on or after the first day of July in any year for the remainder of the year, expiring on the thirty-first day of December, in which event one-half the yearly fee shall be paid. No portion of the license or registration fee paid as aforesaid will be refunded for any part of the year during which said license is not used."

The appellant admits in its brief that it changed its routes and diverted its busses without obtaining the approval of the Public Service Commission, although there is a provision in section 253 of article 56 that in case of a change of route during any year for which a certificate has been issued "a proper readjustment of charge shall be made." The petition does not state when the demand on the Motor Vehicle Commissioner was made, but the petition was not filed until in February, 1927, after the expiration of the license year. Nor is there an allegation of any refusal of the Public Service Commission to issue a permit, nor of the Motor Vehicle Commissioner to make a readjustment of charges on account of the changes of routes. So far as the petition discloses, the petitioner stood by and after the year had passed found that it had not used $1,206.57 of its license fees, and then, under a claim of a direct burden upon interstate commerce, asks the court to compel the Motor Vehicle Commissioner to refund the unearned balance.

It is well settled that the writ of mandamus is the proper remedy to compel a public officer to perform a ministerial duty, but not to compel the performance of a duty wherein the officer must exercise his discretion. *Foote v. Harrington,* 129 Md. 123. It is also settled that suits, not maintainable under the Eleventh Amendment to the Constitution of the United States against the government, cannot be enforced circuitously against an executive officer of the state. *Reeside v. Walker,* 11 Howard, 272; *Hagood v. Southern,* 117 U. S.

52; *Smith v. Reeves,* 178 U. S. 436; note 44 *L. R. A.* (N. S.) 189; 5 *Ann. Cas.* 295.

The instant case is clearly an effort to collect money, by mandamus against the Motor Vehicle Commissioner, which has already been paid into the State Treasury under the provisions of section 254 of article 16 of the Code, and which can only be paid out in the manner provided by the Constitution of this State. According to section 33 of article 3, the Legislature cannot pass any special or local law "refunding money paid into the State Treasury * * * unless recommended by the Governor or officers of the Treasury Department," and this Court has held in *Foote v. Harrington, supra,* that such a recommendation is the exercise of a discretion which cannot be compelled by mandamus, even for taxes paid under a statute declared by the Supreme Court of the United States to have been unconstitutional. After having been paid into the State Treasury, the money here claimed can only be refunded under section 32 of article 3 of the Constitution, which is: "No money shall be drawn from the Treasury of the State by any order or resolution, nor except in accordance with an appropriation by law; and every such law shall distinctly specify the sum appropriated and the object to which it shall be applied"; and it must also be included in a budget bill provided for by section 52 of article 3. *Baltimore v. O'Conor,* 147 Md. 639. It is apparent, therefore, that the only recourse of the appellant is to the Governor or the Treasury Department to recommend the refund, and then to the Legislature to appropriate it. *High on Extraordinary Legal Remedies* (3rd Ed.), 119, 120.

The appellant has cited several instances wherein courts have held mandamus the appropriate remedy to secure a refund of moneys paid in error or excessive fees charged, but the cases cited were against municipal corporations, or officers who were the custodians of the moneys paid, with power to disburse the same. If the appellant had taken advantage of the provisions of section 253 of article 16 for a re-adjustment of unused fees, the situation before us never would have arisen. *Bigelow on Estoppel* (6th Ed.), 710.

The appellant also contends that the tax or license imposed by section 251 of article 56 of the Code is unreasonable and is a burden upon interstate commerce. If this is true, it is likewise a burden upon intrastate commerce, as the license fees are chargeable to residents and non-residents alike, and do not, therefore, offend against the provisions of the equal protection clause of the Constitution of the United States (Fourteenth Amendment). *Power Mfg. Co. v. Saunders,* 274 U. S. 490; *Hendrick v. Maryland,* 235 U. S. 610.

It has been held by the Supreme Court of the United States in *Buck v. Kuykendall,* 267 U. S. 307, and in *Bush v. Maloy,* 267 U. S. 323, 69 L. Ed. 627, that a state cannot refuse one engaged in interstate transportation the right or privilege to use the state roads, but in the former case it says: "It may impose fees with a view both to raising funds to defray the cost of supervision and maintenance, and to obtaining compensation for the use of the road facilities provided"; and in *Kane v. New Jersey,* 242 U. S. 160, the Court said: "It is clearly within the discretion of the state to determine whether the compensation for the use of its highways by automobile shall be determined by way of a fee payable annually or semi-annually, or by a toll based on mileage, or otherwise." And in *Hendrick v. Maryland, supra,* p. 624, the Court says: "In view of the many decisions of this court there can be no serious doubt that where a state at its own expense furnishes special facilities for the use of those engaged in commerce, interstate as well as domestic, it may exact compensation therefor. The amount of the charges and the method of collection are primarily for determination by the state itself, and as long as they are reasonable and are fixed according to some uniform, fair and practical standard, they constitute no burden on interstate commerce." See also *Clark v. Poor,* 274 U. S. 554.

The appellant cites at length an opinion of Judge Ulman in the Baltimore City Court, in a suit between the parties to this case, wherein he held that a mandamus should issue to compel the Motor Vehicle Commissioner to accept an amount calculated upon the actual number of passenger seat miles

to be traveled for the last few weeks of the year 1925, instead of for six months from July first. That case was not appealed to this Court, and presents a question not now before us.

Because we are of the opinion that the writ of mandamus issued against the appellee would be in effect a judgment against the State, and the petition does not allege facts from which we can assume the license fees to be a burden on interstate commerce, the order appealed from should be affirmed.

*Order affirmed, with costs to the appellee.*