CHARLES A. DORSEY *v.* ROBERT B. ENNIS, ET AL.,
SUPERVISORS OF ELECTION
[No. 73, October Term, 1934.]

446

*Decided October 3rd, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*J. Kemp Bartlett, Jr.,* and *George Cochran Doub,* for the appellant.

*Willis R. Jones, Deputy Attorney General,* with whom was *William Preston Lane, Jr., Attorney General,* on the brief, for the appellees.

OFFUTT, J., delivered the opinion of the Court.

Charles A. Dorsey and Alex McK. Montell were candidates, at a primary election held on September 12th, 1934,

for membership on the Republican State Central Committee from the Eleventh Ward of Baltimore City.

Montell at that time was, and still is, a member of the board of election supervisors of Baltimore City, and, because of his tenure of that office, Dorsey requested him to either withdraw as a candidate, or resign as a member of the board of election supervisors of Baltimore City. He refused to do either, and on August 23rd, 1934, Dorsey filed in the Superior Court of Baltimore City against the board of election supervisors a petition setting forth the facts stated, in which he prayed that court to issue a writ of mandamus against the defendants, requiring them to (1) omit Montell's name from the ballot to be used in the primary election, and (2) after September 12th, 1934, to certify and declare Dorsey the duly elected member of the Republican State Central Committee from the Eleventh Ward of Baltimore City. The defendants answered, admitted the facts stated in the petition, and further said that "membership upon the Republican State Central Committee of Baltimore City is not an office within the meaning of section 8, and show that before your respondent Montell could be appointed to the office of a member of the Board of Supervisors of Election, it was necessary for him to have the approval of the Republican State Central Committee for Baltimore City under the provisions of section 1 of article 33." A demurrer to the answer was overruled on August 28th, and the case having been submitted on the petition and answer, the petition was on the same day dismissed. On September 4th, 1934, this appeal was taken from that order, and on September 17th, 1934, the record was filed in this court.

Since the election has been held, it is apparent that the time has passed for any alteration in the ballot used in it, that the right of the petitioner to have Montell's name omitted from it is moot, and that in respect to that relief the remedy sought would be wholly nugatory and ineffectual. If that were the only relief prayed, the appeal would therefore be dismissed as a matter of course. *Thom v. Cook,* 113 Md. 85, 77 A. 120; *Baldwin v. C. & P.*

*Tel. Co.*, 156 Md. 556, 144 A. 703. But there remains the prayer that the writ issue to require the board of election supervisors to certify and declare "after September 12, 1934," that Dorsey "is duly elected a member of the Republican State Central Committee from the Eleventh Ward of Baltimore City."

While the contest between Montell and Dorsey was decided at a primary election, because of the nature of the position for which they were candidates, it was as to them also a final election, so that the proceeding is no longer one to prevent Montell from becoming a candidate at an election but one to try the title of Montell to the position for which he and Dorsey were candidates.

The case was argued in this court as though the only question presented was whether Montell, while a member of the Board of Election Supervisors of Baltimore City, was ineligible as a candidate for membership on the Republican State Central Committee from the Eleventh Ward of Baltimore City. But since Montell was in fact a candidate at an election which has been held, that inquiry is idle and meaningless, and the only question of eligibility which can now be considered is whether he is eligible for membership on the State Central Committee, not whether he is eligible to become a candidate for that position. In other words, the question now is, assuming for the proposition only that Montell received a majority of the votes at the election for the position, whether the Board of Election Supervisors can be required now to issue a certificate of election to Dorsey, his opponent, on the ground that Montell is disqualified.

But before dealing with that question, we must first decide whether it can be considered in this proceeding.

Commonly, the right to the writ of mandamus depends upon facts, circumstances, and conditions existing at the time the petition is filed (38 *C. J.* 581, 602), and, ordinarily, it will not issue to enforce a duty which does not exist at the time the application is made (*Id.*), and, although there is authority for the proposition that it may under exceptional and extraordinary circumstances issue

to prevent an anticipated breach of duty (38 *C. J.* 581), the rule that the duty must exist at the time application for the writ is made seems to be supported by the weight of authority, and is consistent with former decisions of this court (*Commrs. of Public Schools v. County Commrs.* 20 Md. 460; *Sterling v. McMaster,* 82 Md. 167, 33 A. 461). But there are no circumstances present in this case to require us to determine now whether that exception to the rule should be recognized in this state.

The petition was filed nearly three weeks before the election and manifestly it could not then be determined whether Montell or Dorsey would be entitled to the certificate of election to be issued to the successful candidate, because in the meantime Dorsey might as the result of death, disability, or withdrawal have ceased to be a candidate. Nor were there presented to the court any facts to justify the conclusion that if in fact Dorsey were elected, the proper authorities being thereto authorized would not so certify. The petition contains not the slightest intimation that Dorsey directly or indirectly requested the board of election supervisors to omit Montell's name from the ballot, or to declare Dorsey to be the only candidate for the position, and, in the absence of any expression indicating such an intention, the court was not authorized to presume that the board of election supervisors would violate any duty imposed upon them by law. 338 *C. J.* 576, 578. At the time the petition was filed, it was impossible, therefore, to say with certainty who would be entitled to the certificate of election, nor was there any reason suggested to support the inference that the candidate legally entitled to the certificate would not receive it.

The board of election supervisors of Baltimore City constitute the board of canvassers of that city (Code, art. 33, sec. 88), and are required to meet in the Superior Court room of Baltimore City between the hours of 12 noon and 1 o'clock in the afternoon on the Thursday next following every election, to canvass, add up, and declare the votes (*Id.,* secs. 89, 90, 91), and declare who

is elected (*Id.,* secs. 92, 200). It will be presumed that they met as required by the statute, and performed the duties imposed by its mandates, and accordingly declared that either Montell or Dorsey was elected. If they declared that Dorsey was elected, then this entire proceeding is moot and meaningless, but if they erroneously declared Montell elected, and if Dorsey was injured by any error committed by them in the performance of their duties, his remedy was to appeal to the Superior Court of Baltimore City, which was authorized to require said board to correct the error (*Id.,* sec. 94), and, upon its failure or refusal to do so, then by the writ of mandamus to compel it to make the requisite correction. But even in that case the writ would be directed, not to the board of supervisors, but to the board of canvassers, for since the powers and functions of the two boards are different (*White v. Laird,* 127 Md. 132, 96 A. 318), the authority to issue the writ against the board of canvassers is not authority to issue it against the board of supervisors, although the personnel of both boards is the same. If Montell was declared elected and Dorsey desired to contest the election, he was authorized to invoke the aid of the Superior Court of Baltimore City (Code, art. 33, secs. 141, 200), which was empowered to deal with any and all matters involved in the contest, and to decide whether one or neither of the candidates was elected (*Handy v. Hopkins,* 59 Md. 168; *Anderson v. Levely,* 58 Md. 201; *Brown v. Bragunier,* 79 Md. 242, 29 A. 7), he could have filed with the supervisors a petition for a recount (article 33, section 217, Code), or he could. as was done in *Harwood v. Marshall,* 9 Md. 83, if the certificate of election was illegally issued to Montell, have filed against him a petition for a mandamus to compel him to surrender the position to Dorsey, if in fact the certificate should have been issued to him. And since the remedies thus provided are full, adequate, and appropriate to afford relief against any injury of which he could complain, the petitioner was not entitled in this case to the writ prayed, for that reason. *Brown v. Bragunier, supra.*

Moreover, if Montell was declared by the proper officials to have been elected, and is in possession of the office, he was a necessary party to any proceeding to oust him therefrom (*Brown v. Bragunier, supra*), but, while he is named as a respondent in this proceeding, it is as a member of the board of election supervisors only, and not as an individual. No process was prayed against him in his individual capacity nor any relief specifically asked against him, although the relief prayed could only be granted by ousting him from a position to which he may have been duly declared to have been elected. But apart from that, primarily the board of election supervisors has no power to "certify and declare" that this or that candidate has been elected, since in Baltimore City, in respect to such a position as involved here, that is the joint function of the board of canvassers and the clerk of the Superior Court (Code, art. 33, secs. 90, 91, 92, 200; *Usilton v. Bramble,* 117 Md. 14, 82 A. 661), and obviously the writ could not have properly issued to compel the supervisors to do an illegal and unauthorized act. They are authorized to recount, recanvass, and certify the result of a primary election, or to review and correct the action of judges of election, only in the event of an appeal under Code, art. 33, sec. 217, and, since Dorsey took no such appeal, they have never had the power to certify the result of the election contest between Dorsey and Montell.

It follows that the writ was properly refused, and it would therefore be inappropriate to consider or decide in this case the very important question as to whether Montell had the right to become a candidate for an elective position while acting as a member of the board of election supervisors under whose supervision the election was held.

We are not, however, to be understood as deciding that, because of the disposition of this case, that the petitioner is barred from having the question of Montell's eligibility for the position adjudicated in a proper proceeding.

*Order affirmed, with costs.*