JOHN S. STANLEY, Trustee, *v.* BENJAMIN
MELLOR, JR., Clerk

[No. 52, January Term, 1935.]

*Decided April 3rd, 1935.*

The cause was argued before BOND, C. J., URNER, SLOAN, SHEHAN, and JOHNSON, JJ.

*Ogle Marbury,* for the appellant.

*Washington Bowie, Jr.,* with whom was *C. Ferdinand Sybert* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

A trustee in bankruptcy sues the present clerk of the Circuit Court for Howard County in equity for money paid by the bankrupt within four months of the filing of her petition to make good a shortage in the public funds received by her husband, predecessor in the office of clerk. United States Bankruptcy Act sec. 67e [11 U. S. Code Ann. sec. 107 (e).] The bill prays a decree that the money be declared held in trust for the complainant and that it be paid over to him. The appeal is from a dismissal of the bill after evidence taken and an agreed statement of facts filed.

Upon the death of the husband, the former clerk, Howard S. Kuhn, a fund for making up any shortage in his accounts was collected in the name and account of the widow's brother, Harry S. Owings. Another brother, Basil E. Owings, contributed $3,000, and from life insurance paid to the widow $18,753.57 in all was collected and deposited in the same account, making the total on deposit for the purpose $21,753.57. The state auditor found a deficit in the clerk's funds of $6,288.81, or, after applying $1,822.46 on deposit in the name of Kuhn as clerk, a net deficit of $4,466.35. And in compliance with a demand of the state comptroller this net amount was paid by Harry S. Owings from the money collected and deposited for the purpose as stated. Payment was made by a deposit to the credit of Kuhn as clerk. Under an order of the circuit court, the deposit was transferred to the new clerk, the former account closed, and the

amount distributed by the new clerk to the parties entitled to the replaced funds. The sum of $3,307.09 was ordered to be paid and set apart for the use and benefit of the library of the court under the Acts of 1931, ch. 225, which provides that half of the fines imposed and recognizances forfeited to the court shall be so paid and held by the clerk "to be expended under the direction of the judge or judges of said courts for the augmentation of libraries of said courts." The deficit having been made good, Harry S. Owings, by check on the account remaining in his name, paid back the sum of $3,000 to his brother Basil E. Owings. It is the sum held in the library fund that is now sought by the trustee's bill of complaint.

Proceedings in bankruptcy against the widow were instituted a little over three months after Basil E. Owings contributed the $3,000 and started the collection of the fund to pay any deficit. The widow's indebtedness, which she was unable to pay, was principally on notes of her husband in which she had joined.

Several questions have been raised and argued, but it seems to the court that none need be discussed on the appeal, except that of the right of the complainant to sue the clerk for this money. Agreeing with the chancellor, this court concludes that the suit is prohibited by the Eleventh Amendment of the Constitution of the United States, concerning suits against states in their own courts without their consent. The fund from which payment is sought is one representing fines and recognizances, which the clerk holds as a mere custodian or agency of the State, and for which he is accountable to the state comptroller. While, by the terms of the act of 1931, it is set apart for a definite purpose, and is to be expended under orders of the circuit court, that court is only an agency of the State, conducted by state officers, for the exercise of the judicial power of the State. Const. Md. art. 4, sec. 1.

The distinctions drawn, between suits which have been held to contravene the Eleventh Amendment and those which have not, leave generalizations and definitions on

the point difficult, but this court has not been able to see any sufficient ground for holding this particular case free from the prohibition. The appellant contends that, when money has been paid in to the State under a mistake of fact, suit against the officer holding the money may be maintained, and that in this instance the money sought was paid in by the bankrupt widow under the mistaken supposition that she was solvent. But we find no sanction for excepting suits for money paid under mistake. "It is also settled that suits not maintainable under the Eleventh Amendment to the Constitution of the United States against the government cannot be enforced circuitously against an executive officer of the state." *Red Star Line v. Baughman,* 153 Md. 607, 610, 139 A. 291, 293; *Foote & Co. v. Stanley,* 117 Md. 335, 347, 82 A. 380; *State v. Rich,* 126 Md. 643, 645, 95 A. 956; *State v. Wingert,* 132 Md. 605, 611, 104 A. 117; *Williams v. Fitzhugh,* 147 Md. 384, 387, 128 A. 137; *State v. Balto. & O. R. Co.,* 34 Md. 344, 374. We are not to be understood as agreeing in the view that the widow's ignorance or lack of realization of the amount of her indebtedness on the notes, and of her insolvency, might constitute a mistake inducing payment, within the principles regarding recovery of money paid under a mistake of fact: we pass the question as one needing no consideration now.

*Decree affirmed, with costs.*