MANNY W. HALL *v.* STATE ROADS COMMISSION
[No. 89, October Term, 1936.]

*Decided January 14th, 1937.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Philander B. Briscoe,* with whom were *Briscoe & Jones* on the brief, for the appellant.

*Thomas M. Jenifer, Special Assistant Attorney General,* with whom was *Herbert R. O'Conor, Attorney General,* on the brief, for the appellees.

MITCHELL, J., delivered the opinion of the Court.

The appeal in this case is from a judgment of the Superior Court of Baltimore City, denying a petition for a writ of mandamus, and dismissing the same.

The petition sets forth that Manny W. Hall, the petitioner, was, prior to the 21st day of April, 1933, a member of the personnel theretofore employed by the County Commissioners of Calvert County in its public road work, and that the said county commissioners were on said date the duly constituted road authority of said county. It then alleges that as such employee, on said 21st day of April, 1933, under and by virtue of the provisions of section 7C of chapter 425 of the Acts of 1933, now codified as article 89B, section 7C, of the 1935 Supplement of the Code of Maryland, he was employed by the appellees, the State Roads Commission, as a road foreman, engaged in the same type of work in said county; that he rendered efficient service in such capacity, but, notwithstanding that fact, he was, without justification, discharged on August 15th, 1935, and from that date until the 25th day of November, 1935, when he was reinstated by the appellees, he was paid no wages by the latter and was unable

to secure gainful employment in any other occupation.

Based on the per hour rate of compensation paid him at the time of his discharge, the petitioner alleges a claim of $322 as being due him by the appellees for the period in which it is alleged he was unlawfully discharged, a demand upon the appellees for the payment of the same, and their refusal to accede to such demand.

The petition concludes with a prayer that the writ of mandamus be issued commanding the State Roads Commission to include, or cause to be included, in their pay roll, the name of the petitioner, for the payment to him of said sum as wages or salary for the period of his discharge, and further commanding said commission to certify, or cause to be certified, to the comptroller of the State, for the issuance of his warrant or check in favor of the petitioner, to the end that the claim be paid.

The answer of the commission admits the original employment of the petitioner by the County Commissioners of Calvert County, at the time the road work of the county was taken over by the State Roads Commission, under the authority of chapter 425 of the Acts of 1933, and also admits his discharge by the appellees; but denies that the discharge was without justification, and alleges that the same was fully pursuant to the terms of the statute and within the legal powers and authority of the commission. It admits the demand for payment and the refusal to pay the alleged wages; and, further answering, submits that the petition should be dismissed because the petitioner is not in law entitled to the writ of mandamus, and because the petitioner had theretofore filed suit in the same court against the commission, in which a demurrer was filed and sustained, and a subsequent judgment rendered in favor of the commission; that in said suit the parties and subject matter were identical with the parties and subject matter involved in the petition; and that therefore the doctrine of *res adjudicata* applies in this case. Finally, it is submitted in the answer that the petition should be dismissed for the reason that it is an effort on the part of the petitioner to sue the

State through the commission, its duly constituted agency. To the answer a replication was filed, whereby issue was joined as to the justification and legal authority for the dismissal of the petition; and the questions of *res adjudicata,* and the right to sue the commission as a state agency, as set forth in the answer, demurred to.

The case was heard by the court below on the state of the pleadings herein set out.

Chapter 425 of the Acts of 1933, to which reference has hereinbefore been made, was enacted for the purpose of extending the activities of the State Roads Commission, by vesting in that body the authority to direct and supervise road construction work in the several counties or municipalities of the state, which previously had been directed by county or municipal road authorities of the respective counties or municipalities. And section 7C of the act provides: "In the execution of the work of construction, reconstruction and maintenance of county roads and municipal streets, the State Roads Commission shall first employ the personnel theretofore employed by the County Commissioners or other duly constituted public road or street authorities of the several counties and municipalities, provided, in the judgment of the State Roads Commission, such personnel can be effectively and economically employed; and in the event any employee shall be found by the Commission to be incompetent or inefficient or his employment not economically justified, then it shall be the right of the State Roads Commission, in its discretion, to discharge him. The State Roads Commission shall also have the right to employ replacement or additional personnel, in order to carry out the purposes of this Act, after giving due consideration to any recommendations made by the County Commissioners or other duly constituted road authorities, and to discharge such employees when incompetent, inefficient or when their employment is not economically justified."

It will be observed that, by the express provisions of section 7C, it was incumbent upon the State Roads Commission, upon assuming charge of local road work, as

provided therein, to first employ the personnel theretofore employed by the appropriate local road authority, provided in the judgment of the commission such employment was deemed to be effective and economical; but that, in event an original employee was found by the commission to be incompetent or inefficient, or his employment not economically justified, then it was the right of the commission, in its discretion, to discharge him.

In *Brown v. Bragunier,* 79 Md. 234, 29 A. 7, 8, it is said: "The remedy by mandamus is not one which is accorded *ex debito justitiae.* The writ is a prerogative one; and unless the right which the relator seeks to enforce is clear and unequivocal, and the correlative duty which the respondent refuses to perform is purely ministerial, and there be no other adequate remedy at law, it will not be granted." See *Weber v. Zimmerman,* 23 Md. 45; *Hardcastle v. Maryland & D. R. Co.,* 32 Md. 32; *Legg v. Annapolis,* 42 Md. 203; *Marbury v. Madison,* 1 Cranch, 137, 2 L. Ed. 60.

In other words, mandamus will not lie for an alleged breach of contract; or as stated in 2 *Poe, Pl. & Pr.,* sec. 709, at page 665: "It is, accordingly, a proceeding at law, where the purpose of the applicant is not to recover damages for a wrong done, nor to enjoin a party from committing a threatened wrong, but to compel the performance of a positive act, in cases where such remedy is alone adequate to meet the justice of the particular case." And in section 710, at page 669, it is said: "In general terms, it may be said that it will always lie to compel the performance, by a public officer, of a merely ministerial act in which the applicant has a sufficient interest. * * * Where the act to be done involves the exercise of judgment and discretion, it will be refused." See *Sudler v. Lankford,* 82 Md. 142, 148, 33 A. 455; *Warfield v. Vandiver,* 101 Md. 78, 60 A. 538; *Green v. Purnell,* 12 Md. 329; *Foote & Co. v. Harrington,* 129 Md. 123; *Graham v. Gaither,* 140 Md. 330, 349, 117 A. 858; *Red Star Line v. Baughman,* 153 Md. 607, 139 A. 291.

As was well stated by Chief Justice Chase in the case

of *Mississippi v. Johnson*, 4 Wall. 475, 498, 18 L. Ed. 437: "A ministerial duty, the performance of which may, in proper cases, be required of the head of a department, by judicial process, is one in respect to which nothing is left to discretion. It is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law."

Applying the above-quoted authorities to the facts in the instant case, it seems unnecessary to prolong this opinion with reasoning designed to demonstrate that the duty imposed upon the State Roads Commission by section 7C was discretionary.

In the view we have taken, it becomes unnecessary to deal with the question of *res adjudicata* raised by the answer of the appellee to which the appellant demurred.

*Judgment affirmed, with costs.*