BOARD OF WELFARE *v.* WILLIAM FREDERICK LISTMAN.

[No. 39, October Term, 1938.]

*Decided November 30th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William L. Henderson,* Assistant Attorney General, with whom was *Herbert R. O'Conor,* Attorney General, on the brief, for the appellants.

*Joseph W. Spector,* for the appellee.

PARKE, J., delivered the opinion of the Court.

The appeal of Charles J. Butler and others in their official capacity as members who constitute The Board of Welfare of the State of Maryland is from an order of the Superior Court of Baltimore which granted a writ of mandamus commanding the State Board of Welfare to certify to the State Employment Commissioner and the State Comptroller that one William Frederick Listman, the petitioner for the writ, is "entitled to a return of salary in amount of $715 deducted over a period from October 1st, 1933, to September 30th, 1937, payable from funds available therefor or from appropriations later provided to meet just, legal and moral claims." The quotation is from the order which followed the overruling of a demurrer to the petition for the writ, an answer by the respondent, and the sustaining of a demurrer to that answer. No testimony was taken, and the appeal is from the order which was immediately passed.

The facts are disclosed by the pleadings. *Ghingher v. Fanseen,* 166 Md. 519, 525, 172 A. 75. The petitioner was employed as a guard at the Maryland Penitentiary on April 1st, 1932, subject to the usual probationary period. He entered this service pursuant to the provisions of the State Merit System (Code, art. 64A). After an examination held by the State Employment Commissioner, the petitioner was appointed by the Board of Welfare from the submitted eligible list. He began his employment at a yearly salary of $1,500, in accordance with the provisions of section 681A of article 27 of

the Code (Supp. 1935), and section 13 of article 64A (Merit System) of the Code. The payments of salary to the petitioner have been made in accordance with the appropriations of the budget for each fiscal year, by requisition upon the State Treasury, after approval by the Employment Commissioner and by the State Comptroller.

In the budget for the fiscal years ending September 30th, 1934 and 1935, it was provided that the salary of guards in the class of which the petitioner is a member should be reduced by eleven per cent. in conformity with the policy of retrenchment adopted by the General Assembly by making a uniform graduated reduction in salary of all the employees of the State. Acts of 1933, ch. 597, at p. 1232. The same reduction was made for the fiscal years of 1936 and 1937. Acts of 1935, ch. 92, at p. 245. The total amount of the reductions thus made is affected by the facts that at the end of two years of service as a guard the petitioner received an annual increase of $100 in salary; and another increase of $100 was given at the end of the period of five years of service. These additions to his compensation were subjected to the same rate of reduction, so that the total deductions for the whole period, which ended on September 30th, 1937, aggregated the sum of $715.

The diminished salary was regularly paid to the petitioner as it became due. The Board of Welfare has no authority and no funds to pay the petitioner any money. Neither is there money in the State Treasury for the payment of the petitioner's claims.

It is true that chapter 92 of the Acts of 1935, under subtitle "IV—Contingent Appropriations from General Funds", made by "Item 29" an appropriation for use, *inter alia,* in the restoration of salary reductions, omissions and reductions in personnel or to be expended for the same and other purposes by the Board of Public Works as the Governor might direct, and that this conditional legislation was made effective by the passage of chapter 91 of the Acts of 1935. The petitioner was not

brought within the purview of this contingent appropriation, and its provisions do not affect him, as the discretion committed was not exercised in his behalf *(Strott v. Broening,* 160 Md. 560, 570, 154 A. 45; *Hall v. State Roads Commission,* 171 Md. 449, 189 A. 206), and no duty was imposed by the statute at the time the action was brought. *Dorsey v. Ennis,* 167 Md. 444, 448, 175 A. 192. All residue of funds for the fiscal years 1934 and 1935 reverted to the General Treasury on October 1st, 1935; and all residue of funds for the fiscal years 1936 and 1937, similarly reverted on October 1st, 1937. Acts of 1933, ch. 597, secs. 2, 4, pp. 1145, 1146; Acts of 1935, ch. 92, secs. 2, 4, pp. 173, 174. As the action was begun on May 2nd, 1938, there are no funds available for the payment of the petitioner's claim. See Acts of 1937, ch. 515, secs. 2, 4, 5, 6, 7; *Baltimore v. O'Conor,* 147 Md. 639, 645, 649, 128 A. 759.

If there are no present nor prospective funds which are or would become available wherewith to pay the petitioner the reduction in salary made by the General Assembly during the period from October 1st, 1933, to September 30th, 1937, the issuance of a writ of mandamus to compel the respondent to give a certificate to the petitioner authorizing the payment to him of the amount of the decrease of his salary throughout the period named would be but an idle gesture, signifying nothing material. Nor may a writ of mandamus be authorized upon the mere expectancy that subsequent legislation will provide the required exigent occasion for its application. If such were the case the writ would remain inoperative until not only the statute would be enacted but also the ministerial public officials charged with its enforcement would refuse to comply with its mandate.

The questions argued with reference to the power of the Legislature to reduce the petitioner's salary (a) while a guard at the Maryland State Penitentiary (b) by the method of a lessened appropriation in the budget, may be disregarded. The clear and sufficient ground for a refusal of the writ is that no ministerial duty was imposed

upon the respondent at the time of the action for the writ to issue. *Dorsey v. Ennis,* 167 Md. 444, 448, 175 A. 192. Moreover, if the writ were commanded, its effect would be nugatory and would serve no useful purpose. *Pennington v. Gilbert,* 148 Md. 649, 652, 129 A. 905; *Schriver v. Cumberland,* 169 Md. 286, 289, 291, 292, 191 A. 443; *Stanley v. Mellor,* 168 Md. 465, 468, 178 A. 106; *Red Star Line v. Baughman,* 153 Md. 607, 610, 611, 139 A. 291; *Foote & Co. v. Harrington,* 129 Md. 123, 126, 127, 98 A. 289; *Merrill on Mandamus,* sec. 103; *High's Extraordinary Legal Remedies* (3rd Ed.), sec. 117.

On the ground here assigned the petitioner was not entitled to the writ. In the opinion of the court, the demurrer to the answer should have been over-ruled, and the demurrer to the petition should have been sustained, and the petition dismissed. The order which directed the writ to issue was error.

> *Order of June 3rd, 1938, reversed, with costs to the appellant, and action remanded for further proceedings in conformity with this opinion.*