No. 38,340

EUNICE R. HYRE, *Appellant*, v. FRANK SULLIVAN, State Commissioner of Insurance, and GEORGE ROBB, State Auditor, *Appellees.*

(232 P. 2d 474)

Opinion filed June 9, 1951.

*Edward Rooney, Jacob A. Dickinson,* and *David Prager,* all of Topeka, were on the briefs for the appellant.

*Harold R. Fatzer,* attorney general, *Willis H. McQueary,* assistant attorney general, and *C. H. Hobart,* assistant attorney general, were on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: Appellant filed this proceeding in mandamus in the district court seeking to compel appellees to pay her a ten

percent increase in salary which she contends was authorized by the state legislature and for which an appropriation was made. Appellees appeared specially and moved to dismiss the action on the ground it was in substance and effect an action against the state, and the state had not consented to the suit. This appeal is from the court's order sustaining the motion to dismiss.

Appellant was for a number of years employed as actuary in the department of the state insurance commissioner. During the years from 1945 until she left the department June 30, 1949, she received an annual salary of $4,000, the maximum salary allowable for that position under provisions of G. S. 1945 Supp., 40-110. The 1947 legislature amended said section 40-110 (G. S. 1947 Supp., 40-110) by addition of the following: "That all officers and employees whose salaries are herein specifically fixed shall receive, in addition thereto, during the period commencing July 1, 1947, and ending June 30, 1949, compensation in an amount equal to ten percent (10%) of the annual salaries so fixed, which additional compensation shall be paid in equal monthly installments." The effective date of this provision was July 1, 1947, and an additional appropriation for the biennium was made for payment thereof.

Appellant demanded of appellee commissioner of insurance that she be paid the ten percent increase in salary allowable under the above statutory provision for the period from July 1, 1947, to June 30, 1949, but he refused to authorize such payment. On July 5, 1950, this action in mandamus was filed, appellant joining as parties defendant the state commissioner of insurance and the state auditor, in which action she sought to force defendant commissioner to authorize payment of the $800 alleged due her, and defendant auditor to draw his warrant on the state treasurer for said amount with interest at six percent from the due date together with costs and attorneys fees. The trial court in sustaining the motion to dismiss held this is an action against the state of Kansas and the court therefore had no jurisdiction over the case.

It was the contention of the appellees below, and the basis for the holding of the trial court, that this proceeding in mandamus is an action against the state of Kansas to recover a money judgment; that the state of Kansas as a sovereign is immune from suit without its consent; and that since the state has not consented to be sued in this case, the action must be dismissed for lack of jurisdiction.

Appellant agrees to the well-settled rule that the state of Kansas

in its sovereign capacity is immune from suit and that unless some specific statutory authorization is given to sue, and no such authorization is here alleged, actions against the state are subject to dismissal. Appellant contends, however, that the rule of sovereign immunity is not applicable to the case at bar, that the instant case is a proceeding in mandamus to compel the appellees to carry out their ministerial duties by requiring them to pay to the appellant the ten percent increase in salary which has not only been specifically ordered paid by the legislature, but the money for which was specifically appropriated by the 1947 legislature.

Section 24, article 2, of the constitution of Kansas provides: "No money shall be drawn from the treasury, except in pursuance of a specific appropriation made by law, and no appropriation shall be for a longer term than two years." Section 25 of article 2 provides that the regular sessions of the legislature shall be held once in two years commencing on the second Tuesday of January of each alternate year. Section 4 of article 11 provides: "The legislature shall provide, at each regular session, for raising sufficient revenue to defray the current expenses of the state for two years." Laws of 1879, ch. 166, § 125; R. S. 1923, 75-3002; and G. S. 1949, 75-3002, provide: "The fiscal year in this state shall commence on the first day of July in each year, and close on the thirtieth day of June next succeeding."

At this point it might be helpful to review briefly the circumstances in this case. The regular session of the 1947 legislature passed the amendatory act (G. S. 1947 Supp., 40-110) and made a biennial appropriation for the two fiscal years beginning July 1, 1947, and ending June 30, 1949, for the purpose of paying increases in salaries in the office of the commissioner of insurance. (L. 1947, ch. 25, §§ 1, 2). The 1949 fiscal year for the state of Kansas ended June 30, 1949, and on that date the authorized appropriations for the biennium lapsed.

Appellant did not file her action until July 5, 1950. Her claim does not rest on a continuing statute, but on the temporary biennial appropriation act itself which by its terms limits the appropriation to a time which expired more than one year before the commencement of her suit on July 5, 1950. At this time there was no money in the treasury, nor in the hands nor under the control of the defendants (appellees), or either of them, out of which the payment of appellant's salary claim could legally be made. If there is no fund in the control of the officer or body sought to be coerced to

pay, out of which the payment can legally be made, the writ of mandamus will be denied for the obvious reason that courts, in administering the law, will not command an act to be done which is contrary to law. Want of funds is a complete answer to a petition to compel a state officer to make or approve a pay voucher or to draw a warrant for such payment. (*The People v. Brown*, 281 Ill. 390, 118 N. E. 67, 5 A. L. R. 563; *Buchanan v. State Treasurer*, 68 S. C. 411, 47 S. E. 683; *Board of Welfare v. Listman*, 175 Md. 473, 2 Atl. 2d 674).

Inasmuch as there was no existing lawful fund at the time of commencement of this action from which plaintiff's claim could have been paid had it been allowed as claimed, the action is tantamount to a proceeding against the state of Kansas for the recovery of a money judgment without the consent of the state, and the court was without jurisdiction to entertain such an action.

The writ of mandamus was properly denied. The judgment of the lower court is affirmed.